SOLÍS, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

## RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 155.—Resuelto en noviembre 6, 1913.

HIPOTECAS—FINCA RADICADA EN DOS MUNICIPIOS—DESCRIPCIÓN DE LA PARTE RADICADA EN CADA UNO—DISTRIBUCIÓN DE LA HIPOTECA.—Cuando se constituye una hipoteca sobre una sola finca radicada en dos municipios distintos de un registro de la propiedad no es necesario describir en el título la parte de dicha finca que radica en cada uno de los municipios, pues en el registro especial de cada uno de éstos y en la primera inscripción de la parte respectiva de la finca ha de constar dicha descripción; y tampoco está obligado el deudor a determinar la cantidad o parte de gravamen de que cada porción de la finca debe responder, pues en ese caso no es de aplicación el artículo 119 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El Registrador Sr. Raul Benedicto no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de Caguas a 17 de julio de 1913 ante el Notario Andrés Mena Latorre, los consortes José Luis Font y Costa y Dolores Puig y Constanti, en concepto de dueños de dos predios rústicos, uno de ellos (A) de 58 cuerdas, situado en los barrios de Tomás de Castro y Hato, de los términos municipales de Caguas y San Lorenzo respectivamente, y el otro (B) de 22 cuerdas, radicado en el mismo barrio de Tomás de Castro de Caguas, cuyos dos predios estaban afectos a una hipoteca a favor de los esposos José María Solís y Martinó y Asunción Sariego y Espina, recibieron de éstos·carta de pago y de cancelación de dicha hipoteca, constituyendo al mismo tiempo otra hipoteca voluntaria por $1,000 a favor de los mencionados esposos, a pagar en distintos plazos, debiendo responder el predio letra (A) de $600 de capital, de los intereses correspondientes a razón del 12 por ciento anual, y de $150 para costas, gastos

y honorarios de abogado en caso de reclamación judicial, y
el predio letra (B) de $400 de capital, de los intereses corres-
pondientes al 12 por ciento anual y de $50 para costas, gastos
y honorarios de abogado en su caso.

Presentada en el Registro de la Propiedad de Caguas
copia de la anterior escritura para su inscripción en el regis-
tro, el registrador le puso la siguiente nota:

"Hecha la cancelación a que se refiere el precedente documento,
por lo que respecta a la finca letra A, a los folios 203 y 116 vuelto
de los tomos 26 de esta ciudad y 18 de San Lorenzo, fincas números
1321 y 836 duplicado, inscripciones 5ª. y 4ª., respectivamente, y en
cuanto a la finca letra B, por nota puesta al margen de la inscripción
cuarta de la finca número 582 triplicado, al folio 115 del tomo 30
de esta ciudad; e inscrito dicho documento, por lo que respecta a la
hipoteca que comprende, en cuanto a la finca letra A, a los folios
203 y 117 de los tomos 26 de esta ciudad y 18 de San Lorenzo, fincas
números 1321, y 836 duplicado, inscripciones 6ª. y 5ª., respectiva-
mente, y en cuanto a la finca letra B, al folio 117 del tomo 30 de
esta ciudad, finca número 582 triplicado, inscripción 6; haciéndose
constar los defectos subsanables de no describirse en el título la parte
de la finca letra A, que radica en el barrio de Tomás de Castro de
esta ciudad, ni la parte de la propia finca, radicada en el barrio de
Hato de San Lorenzo; y de no distribuirse la cantidad de que res-
ponde la totalidad de la misma finca letra A, por razón de la hipoteca,
entre las dos porciones que constituyen la referida finca.  Caguas 5
de agosto de 1913.  Raul Benedicto, Registrador."

Esa nota ha sido recurrida para ante esta Corte Suprema
por José María Solís y Martinó en la parte relativa a los
defectos subsanables que en ella constan, respecto de la ins-
cripción de la hipoteca sobre la finca letra (A) radicada en
dos distintos términos municipales.

Resulta de la nota que dejamos transcrita que la finca letra
(A) es una sola, radicando parte de ella en el barrio de Tomás
de Castro de Caguas y parte en el barrio de Hato, de San
Lorenzo, y tratándose como se trata de una sola finca, la hipo-
teca sobre ella constituída la afecta en su totalidad, sin que
sea aplicable al presente caso el artículo 119 de la Ley Hipo-

tecaria preceptivo de que "cuando se hipotequen varias fincas a la vez por un solo crédito, se determinará la cantidad o parte de gravamen de que cada una deba responder," como tampoco es necesaria la descripción en el título de las partes de dicha finca que radican en el barrio de Tomás de Castro, de Caguas, y de Hato, de San Lorenzo. Esos requisitos serían exigibles en el caso de que la hipoteca se hubiera constituído sobre dos fincas distintas, pero no cuando afecta a una sola finca radicada en dos distintos términos municipales.

En la primera inscripción de la finca de 58 cuerdas, hecha en el registro especial de cada uno de los pueblos de Caguas y San Lorenzo, tiene que constar la parte de dicha finca que radica en cada uno de los términos municipales expresados, con las referencias o menciones prevenidas por la ley. Huelga la descripción exigida por el registrador en la nota recurrida y no puede obligarse a la parte interesada a que distribuya entre dos partes de una misma finca la cantidad de que responde la totalidad de ella, cuando su voluntad es que la finca en su totalidad responda del crédito total.

Por las razones expuestas, procede la revocación de la nota recurrida en la parte concerniente a los defectos subsanables en ella consignados con relación a la hipoteca sobre la finca letra (A) radicada en los términos municipales de Caguas y San Lorenzo.

*Revocada la nota en cuanto a los defectos sub-<br>sanables.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resoción de este caso.