MALPICA, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de San Juan, Sección 1ª., denegando en parte la
inscripción de una escritura de venta.

No. 183.—Resuelto en junio 27, 1914.

FINCA INSCRITA EN UN TÉRMINO MUNICIPAL PERO QUE RADICA EN DOS—INSCRIP-
CIÓN PREVIA.—Cuando una finca se halla inscrita en un término municipal, si
resulta después que se halla radicada en dos distintos términos municipales,
no es necesario hacer una previa inscripción a favor del vendedor en el se-
gundo término municipal.

ID.—MANIFESTACIÓN DEL COMPRADOR DE LA CABIDA CORRESPONDIENTE A CADA TÉR-
MINO MUNICIPAL.—La sola manifestación del comprador, desnuda de toda
prueba, de las porciones que corresponden a los distintos términos munici-
pales, no es suficiente para hacer la inscripción.

DEFECTOS SUBSANABLES—FALTA DE DESCRIPCIÓN.—Los linderos y cabida de una
finca son requisitos que deben constar en el registro de la propiedad y su
falta constituye defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José G. Torres.*

El Registrador Sr. José S. Belaval no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

El Estado Español tenía inscrita en el Registro de la
Propiedad de San Juan una finca con cabida de 400 cuerdas,
radicada en la jurisdicción de Loíza, barrio de Canóvanas,
la que compró en remate público Don Javier Zequeira, quien
cedió sus derechos a Don Eugenio Malpica. En consecuen-
cia, en 18 de diciembre de 1885 el Estado Español otorgó
escritura de venta a favor de Malpica, haciéndose constar
en el documento que al procederse, con citación de colindan-
tes, al replanteo de la finca por el inspector de montes resultó
que ésta tenía 419 cuerdas y 4,522 varas en vez de 400 cuer-
das, diferencia que se aumentó en el precio, y también que
estaba situada en las jurisdicciones de Loíza, barrio de Canó-

vanas, y de Río Grande, barrio de Ciénega Alta, pero que por no estar bien determinadas las líneas divisorias de juris-dicciones no pudo apreciarse la porción de terreno que a cada una corresponde, siendo mucho mayor la comprendida en la jurisdicción de Loíza.

Presentado ahora ese documento en el Registro de la Pro-piedad de San Juan para su inscripción, acompañado de un escrito suscrito por el abogado de Malpica en que manifiesta que de las 419 cuerdas que compró su representado corres-ponden 210 a la jurisdicción de Loíza, barrio de Canóvanas y 209 a la de Río Grande, barrio de Ciénega Alta, el regis-trador hizo la inscripción en la forma que aparece de la siguiente nota, que es la que motiva el presente recurso guber-nativo:

"Inscrito el precedente documento al folio 225 del tomo 1°. de Loiza, finca número 43 inscripción 2ª. con excepción de la porción inde-terminada que de la finca se dice que radica en Río Grande, de cuya parte se deniega la inscripción por no aparecer inscrita a favor del Estado; y se ha extendido anotación preventiva por el término legal en dicha inscripción 2ª., la cual se ha practicado con vista de otros documentos y con el defecto subsanable de no describirse la porción radicada en cada término municipal.  San Juan, P. R., 19 de marzo de 1914."

Para la mejor resolución del recurso pedimos al registra-dor que nos remitiese copia literal del asiento a que esa nota se refiere.  En la certificación recibida se consigna, entre otros particulares, que la inscripción segunda de la finca No. 43 que aparece al folio 225 vuelto del tomo primero de Loíza, dice así:

"2ª. RÚSTICA: Terreno en el barrio de Canóvanas de la jurisdic-ción de Loíza, cuya descripción y libertad de cargas constan de la precedente inscripción, siendo aquélla igual a la contenida en el título presentado, si bien en éste se describe de nuevo."  *  *  *.  "En su virtud y observando que la porción indeterminada que de esta finca, se dice que radica en Río Grande, no aparece inscrita a favor del Estado, *deniego* la inscripción de dicha parte e inscribo a favor

de Don Eugenio Malpica la posesión de la finca de este número a título de compra con las condiciones relacionadas, haciéndose constar el defecto subsanable de no describirse la porción radicada en cada término municipal."   \*   \*   \*.

De los antecedentes expuestos resulta que la finca estaba inscrita a favor del vendedor aunque radicando toda en un término municipal y que por el replanteo y mensura que practicó el inspector de montes se vino en conocimiento de que parte de ella radicaba en Loíza y otra parte en Río Grande, aunque no se pudieron determinar las respectivas porciones. Teniendo por tanto inscrito el vendedor su derecho, no puede sostenerse que si había de inscribirse la porción correspondiente a Río Grande fuera necesario hacer una inscripción previa en el libro correspondiente de dicho término municipal a favor del Estado Español, aunque en verdad la inscripción a favor del comprador no podía verificarse en este caso porque no apareciendo de dicha mensura cuál porción determinada correspondía a Río Grande, le faltaban datos al Registrador para verificar la inscripción, ya que la afirmación del comprador, desnuda de todo comprobante, de que 209 cuerdas correspondían a ese término municipal no es bastante para determinarla, dada la relación que guarda esa determinación con la fijación de límites de pueblos distintos.

Y en cuanto al defecto subsanable consignado en la inscripción que se verificó en el libro de Loíza de que no se describía la porción radicada en cada término municipal, entendemos que el Registrador tuvo razón al estamparla toda vez que los linderos y cabida son requisitos que deben constar en los asientos de inscripción de las fincas.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.