SUCESIÓN DE SANTOS COLLAZO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 824.—*Sometido:* Noviembre 17, 1930. *Resuelto:* Noviembre 28, 1930.

C. *Domínguez Rubio,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En una escritura de compraventa de inmueble, otorgada en Barranquitas a 20 de octubre de 1924, ante el notario

Miguel Guzmán Texidor, comparecieron Don Acisclo Collazo como vendedor, y Doña Leonarda López, "a nombre de la Sucesión de Santos Collazo," sin que se haga relación o indicación de quiénes sean los miembros de tal sucesión de Santos Collazo.

Presentada la primera copia de esa escritura en el Registro de la Propiedad de Guayama, el registrador puso la siguiente nota:

"DENEGADA por no expresarse en este documento el nombre o nombres de los adquirentes, tomándose anotación preventiva por el término que designa la ley, al folio 82 del tomo 13 de Barranquitas, finca número 628, anotación letra A. No soporta la finca gravamen alguno. Se practicó la denegación con los defectos subsanables de no expresarse el estado civil del vendedor y no hallarse la venta aceptada legalmente."

Contra la nota se interpuso el presente recurso.

██ ██ En el número 5 del artículo 9 de la Ley Hipotecaria vigente, se lee:

"5º. El nombre y apellidos de la persona, si fuere determinada, y no siéndolo, el nombre de la corporación, o el colectivo de los interesados a cuyo favor se hace la inscripción."

El apartado noveno del artículo 63 del Reglamento para la ejecución de la Ley Hipotecaria, dice:

"Los nombres que deban consignarse en la inscripción se expresarán según conste del título, sin que sea permitido al registrador, ni aun con acuerdo de las partes, añadir ni quitar ninguno. Al nombre se añadirán la edad, el estado, la profesión y el domicilio. Las sociedades o establecimientos públicos se designarán con el nombre con que fueren conocidos, expresándose al mismo tiempo su domicilio, y además el de la persona que en su representación pida la inscripción, si no fuese una sociedad conocida únicamente por su razón."

De acuerdo con el artículo 30 de la citada ley las inscripciones que carezcan de las circunstancias comprendidas en los números 1, 2, 3, 4, 5, 6 y 8 del artículo 9 son nulas. La que se produjera por este documento, lo sería, ya que el nombre del comprador se da en una forma tal que no puede,

por el registro, conocerse quién sea la persona que adquiere derechos, o contrae obligaciones, y pueda trasmitir aquéllos o tener que cumplir éstas.

Es imposible establecer una regla matemática en lo que hace referencia a la distinción entre faltas insubsanables y faltas subsanables. Al discreto criterio del registrador se encomienda por nuestro sistema hipotecario la calificación, expresión del elemento de legalidad, que es una de las columnas del sistema. La que a primera vista, es insubsanable, puede, por razón de circunstancias que en el momento no se hallan ante el registrador, ser una falta o defecto subsanable. El funcionario tiene que atenerse a lo que ante él aparece, y fundado en la ley, juzgar y determinar si la falta es o no subsanable. Si, como ocurre en este caso, la inscripción producida por el documento sería nula, no puede, ni debe inscribir, y la falta o defecto que necesariamente estableciera un acto nulo en el registro, cierra el paso a toda voluntad de inscribir, o pretender inscribir, ya que el acto afirmativo del registrador, y el hecho material de escribir en una o varias hojas del libro, no crearían una inscripción, en el sentido jurídico de la palabra.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Hutchison disintió por entender que el defecto es subsanable.