CENTRAL CAMBALACHE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE ARECIBO, recurrido.

Núm. 1017.—*Sometido:* Febrero 21, 1938. *Resuelto:* Marzo 11, 1938.

*A. Cadilla Ginorio* y *Miguel Santoni,* abogados de la recurrente; ■

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La Central Cambalache por escritura pública constituyó hipoteca voluntaria por un millón y medio de dólares para garantizar el pago de tres pagarés por quinientos mil dólares cada uno, sobre una finca agrupada denominada hacienda o ingenio Central Cambalache, de cuatro mil novecientas treinta y nueve cuerdas, situada en los municipios de Arecibo, Hatillo y Barceloneta, comprendidos todos dentro del territorio del Registro de la Propiedad de Arecibo. La hipoteca se inscribió en dicho registro en los tomos correspondientes a los indicados municipios.

Así las cosas, la central dió en prenda a The Royal Bank of Canada, Sucursal de San Juan, Puerto Rico, los tres pagarés, otorgándose el contrato por escritura pública a fin de que la garantía colateral así dada pudiera hacerse constar en el registro y a ese efecto el documento fué presentado acompañado de sesenta y un dólares en sellos de rentas internas para satisfacer los derechos correspondientes.

El registrador se negó a ello por medio de la siguiente nota contra la cual se interpuso el presente recurso gubernativo:

"Suspendida la inscripción o anotación preventiva caso de no proceder la inscripción de este documento; por no haberse consignado los correspondientes sellos de rentas internas, según el número 5 de la sección 22 de la Ley núm. 32 de 1917, extendiéndose nota por 120 días al margen del asiento de presentación número 260, Diario 198, cancelándose un sello de 50¢ núm. 1 arancel, derecho de presentación del documento y devueltos los sellos sobrantes, sesenta *dollars* cincuenta centavos."

Tanto la recurrente como el registrador están conformes en que la ley que regula el caso es la núm. 32 de 1917 (Leyes de 1917, pág. 313), que contiene el Arancel de los Registradores de la Propiedad, cuyo número cinco en lo pertinente ordena:

"Número 5.—Por cada inscripción o anotación y consiguientes notas marginales que no estén comprendidas en los números precedentes se cobrarán las cantidades fijadas que se establecen en la escala siguiente:

| | Inscripciones o anotaciones extensas. | Inscripciones o anotaciones concisas. |
|---|---|---|
| Por cada finca o derecho cuyo valor | | |
| De más de $1,000,000 | $60.00 | $54.00." |

No cita el registrador jurisprudencia en apoyo de su nota. Se limita a sostener que estando la finca sobre la cual debe verificarse la anotación formada por tierras situadas en tres municipios y por tanto inscrita en el tomo correspondiente a cada uno de ellos, habiéndose solicitado que la anotación se hiciera en todos, debe considerarse el caso como si se tratara de tres anotaciones distintas y pagarse separadamente por las tres.

El recurrente invoca el artículo 61 del Reglamento de la Ley Hipotecaria que prescribe:

"Se inscribirán bajo un solo número si los interesados lo solicitaren, considerándose como una sola finca, con arreglo al artículo 8 de la ley y para los efectos que el mismo expresa:

"*Primero:* Las propiedades rústicas conocidas con los nombres de haciendas, cafetales, ingenios, vegas, estancias, sitios, potreros, etc., que formen un cuerpo de bienes dependientes o unidos, con uno o más edificios y una o varias piezas de terreno con arbolado o sin él, aunque éstas no linden entre sí ni con el edificio, con tal que pertenezcan al mismo cuerpo de bienes y a una sola persona, o a varias pro indiviso, y aun cuando afecten al mismo gravámenes o derechos reales, correspondientes a una sola persona o a varias, y se componga de distintas suertes o porciones dadas en enfiteusis. Para los efectos de la inscripción se considerará único el señorío directo, aunque sean varios los que a título de dueños directos cobren rentas o pensiones de una finca, siempre que ésta no se halle dividida entre ellos por el mismo concepto.

". .

"Si cualquiera de las agrupaciones de fincas que puedan inscribirse bajo un solo número, conforme a lo dispuesto en este artículo, estuviere enclavada en los términos de dos o más ayuntamientos, se inscribirá en el registro especial de cada uno de ellos la parte correspondiente al mismo, expresándose al final de la inscripción que las fincas objeto de ella, en unión con las demás, cuyos números, folios y libros se citaran, constituyen _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ (la hacienda, cafetal, estancia, etc.), e indicando el nombre, si lo tuviere, o en otro caso, la denominación con que fuere conocida dicha agrupación.''

Y sostiene que la agrupación en su caso se hizo bajo la autoridad de ese artículo y por tanto que aunque se haya inscrito la finca agrupada en tres municipios, no deja de ser una sola, siendo el derecho que se trata ahora de anotar sobre ella uno solo también y no tres.

A nuestro juicio su contención está bien fundada y encuentra apoyo en el caso de *Solís* v. *Registrador,* 19 D.P.R. 1038 en el que se hipotecó una finca situada en los municipios de Caguas y San Lorenzo, y en el que el registrador practicó la inscripción pero con el defecto subsanable de no describirse

en el título la parte situada en Caguas y la parte situada en San Lorenzo. Revocando la nota, esta corte resolvió:

"Resulta de la nota que dejamos transcrita que la finca letra (A) es una sola, radicando parte de ella en el barrio de Tomás de Castro de Caguas y parte en el barrio de Hato, de San Lorenzo, y tratándose como se trata de una sola finca, la hipoteca sobre ella constituída la afecta en su totalidad, sin que sea aplicable al presente caso el artículo 119 de la Ley Hipotecaria. . . ."

Se trata de una sola finca y de la anotación o inscripción de un solo derecho. El que a virtud del régimen interior de los registros, por el hecho de extenderse dicha finca por tres municipios del territorio del mismo registro, haya habido que registrarla en tres tomos separados, ¿debe pagarse por la anotación o inscripción del derecho sobre la finca como si se tratara de tres fincas y de tres derechos distintos? Esto es, ¿bastan para que la operación se verifique en todos los tomos los sesenta y un dólares que acompañó la recurrente o es necesario que acompañe los ciento ochenta y un dólares que el registrador exige?

En buena lógica creemos que la primera pregunta debe contestarse en la negativa y por consiguiente la segunda en el sentido de que basta la suma que fué acompañada para que la inscripción se efectúe.

En su alegato el registrador dice que la práctica general seguida en todos los registros de la isla sostiene su interpretación de la ley pero no está claro si su dicho se refiere al caso de fincas radicadas no sólo en municipios distintos si que también en registros diferentes. No conocemos en verdad con exactitud cuál sea la práctica. Hemos llegado a la conclusión que estimamos justa y procedente y de acuerdo con ella decidiremos el recurso, pero si el registrador se considera tan firme en su posición que crea que la justicia exige que nuestra decisión sea otra, puede pedir reconsideración robusteciendo sus argumentos y explicando mejor y más detalladamente la práctica invocada.

*Debe revocarse la nota y ordenarse que los derechos deben cobrarse como si se tratara, como se trata, de una sola finca y de un solo derecho constituído sobre la misma.*

El Juez Asociado Señor Córdova Dávila no intervino.