Mamerto López Ruiz, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido

Núm. 1081.—*Sometido:* Enero 18, 1941. *Resuelto:* Febrero 3, 1941.

*Francisco A. González Suárez,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Domingo López Román, casado con Ramona Ruiz, falleció en el barrio Marías, de Moca, en agosto de 1926, bajo testa-

mento por el cual instituyó como sus herederos a su viuda en la cuota usufructuaria y a sus hijos Atanacio, Hilario, Mamerto, Felícita, Juana y Ramona, por partes iguales.

En agosto primero de 1927, ante el notario de Aguadilla don Alberto García Ducós, comparecieron la viuda y los hijos del causante y otorgaron una escritura de partición por la cual se adjudicó a Mamerto López Ruiz, entre otras, una finca que se describe así:

"G.—Rústica radicada en el barrio Marías, de Moca, de dos cuerdas, o sean setenta y ocho áreas sesenta y una centiáreas, lindando al norte Central Coloso y Simplicio Jiménez, sud y este, Nicasio López y oeste Simplicio Jiménez. Libre de gravamen y se valora en ciento dos dólares con doce centavos."

En 12 de diciembre de 1939 comparecieron en Moca, Puerto Rico, ante el notario Francisco A. González Suárez, Atanacio, Hilario y Mamerto López Ruiz, en unión de Simplicio Jiménez y la esposa de éste. Expusieron que Mamerto había vendido la finca que le había sido adjudicada, a Simplicio Jiménez y que era necesario inscribirla a nombre de Mamerto para que Jiménez pudiera a su vez inscribir su título en el registro. Hicieron constar, a manera de aclaración, que la referida finca aparece inscrita así del registro: "lindando al norte y sud Nicasio López, este Ramón Lorenzo y el río Culebrinas, oeste un caño y Domingo López Román," pero que al describirse en la escritura de partición no se pusieron esos linderos sino otros, por haber variado; y que por omisión involuntaria tampoco se dijo que dicha finca estaba inscrita al folio 16 del tomo 10 de Moca en el Registro de la Propiedad de Aguadilla. Para reconciliar la discrepancia entre una y otra descripción hacen una tercera, que llaman "la verdadera descripción actual de dicha propiedad," como sigue:

"RÚSTICA, en Marías, de Moca, de dos cuerdas de terreno, o setentiocho áreas y sesenta centiáreas, lindando al norte antes Nicasio López hoy Central Coloso Inc., y Simplicio Jiménez, sud antes y hoy Nica-

sio López, este antes Ramón Lorenzo y el río hoy Nicasio López, oeste antes un caño y Domingo López hoy Simplicio Jiménez; libre de gravámenes e inscrita al folio dieciséis del tomo diez de Moca; valorada en ciento cincuenta dólares.''

Se presentó la escritura de partición, acompañada del acta aclaratoria, para que se inscribiera a nombre de Mamerto López Ruiz la refererida finca.

El registrador denegó la inscripción por la siguiente nota:

''DENEGADA la inscripción de la finca que en este documento se describe bajo la letra 'G' adjudicada a don Mamerto López Ruiz, única de que se solicita inscripción, con vista de otro, por los siguientes fundamentos: Primero, porque la finca descrita bajo la letra 'G' por sus colindancias, no puede identificarse satisfactoriamente como la finca 642 del municipio de Moca que aparece descrita en el Registro; y Segundo, porque no se ha presentado ni acompañado al Registro el testamento de don Domingo López Román ni certificación del acta de su defunción; ni se han presentado ni acompañado certificaciones de la Corte de Distrito de Aguadilla comprensivas de las declaratorias de herederos a que este documento se refiere, ni se ha presentado ni acompañado el recibo de contribución de herencia a que se refiere el Código Político.''

Mamerto López Ruiz radicó recurso gubernativo contra la referida nota. Su contención en cuanto al primer fundamento de la denegación es que apareciendo del registro una finca de dos cuerdas inscrita a favor del causante, y no apareciendo de la escritura de partición otra finca de dos cuerdas, debe concluirse que es la misma; que si bien no se dice en la escritura de partición que la finca está inscrita, tampoco se afirma lo contrario; que puede fácilmente verse que lo ocurrido fué una ligera equivocación del notario al poner los linderos; que la aclaración hecha por los coherederos que actualmente están en la isla es suficiente; que los otros herederos están en Estados Unidos o han fallecido.

Replica el registrador que la descripción de la finca en la escritura de partición coincide con la del registro únicamente en uno de los linderos; que el hecho de que aparezca

a nombre del causante no es una presunción concluyente de que se trata de la misma finca; que en la escritura no se consigna la procedencia ni se expresa el tomo y folio ni el número de la finca. También apunta el registrador que dos linderos que aparecen del registro—al este el río Culebrinas, y al oeste las aguas de un caño—no deben variar. El registrador se niega a reconocer valor alguno a la escritura de aclaración, por cuanto en la misma figuran solamente tres de los herederos.

A nuestro juicio el registrador actuó correctamente al denegar la inscripción por el primer fundamento de su nota. Véase: Galindo y Escosura, Comentarios a la Ley Hipotecaria, tomo 2, pág. 225.

Alega el recurrente, en cuanto al segundo fundamento de la nota denegatoria, que ya los documentos relacionados por el registrador habían sido presentados, en otra ocasión, al registro de la propiedad, con el fin de inscribir a nombre del peticionario otra de las fincas adjudicádasle, lo que se llevó a cabo en los libros de Moca. Y que habiendo sido calificados todos ellos por el entonces registrador, no cabe hacerlo de nuevo, y de acuerdo con la jurisprudencia, las inscripciones hechas tienen toda la fuerza de ley y los registradores deben atenerse a ellas.

El registrador admite en su alegato que la escritura de partición había sido ya inscrita, en cuanto a otras fincas, por el anterior registrador; y acepta que dichas inscripciones así hechas sobre las otras fincas tienen la fuerza de cosa juzgada y solamente pueden ser anuladas por los tribunales. Pero sostiene que la inscripción que se va a hacer ahora, sobre otra finca, debe ser el reflejo de la calificación hecha por él a la luz del artículo 18 de la Ley Hipotecaria.

Estamos conformes con el registrador. Al presentarse un documento para su inscripción deben presentarse al mismo tiempo cualesquiera otros documentos que puedan ser legalmente requeridos para que el registrador pueda practicar una inscripción válida y suficiente. No importa el que esos

documentos hayan sido presentados al registro en ocasión de hacerse otras inscripciones. Cada inscripción debe descansar sobre sus propios méritos. El registrador no está obligado a examinar todos los asientos referentes a la persona que trasmite o adquiere, sino sólo los que se hubieren practicado con relación a la misma finca. Véase: Galindo y Escosura, tomo 2, página 20.

██ El registrador es responsable de sus propias calificaciones y no podría excusarse por un error por él cometido, alegando que aceptó como buena una calificación errónea hecha por su antecesor al practicar una inscripción anterior. Véase: Morell y Terry, tomo 2, página 238.

*La nota recurrida debe ser confirmada.*