Compañía de los Ferrocarriles de Puerto Rico, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 1091.—*Sometido:* Julio 23, 1941. *Resuelto:* Agosto 2, 1941.

416

*Mariano Acosta Velarde* y *Federico Acosta Velarde*, abogados de la recurrente; *Pablo Juan Toro*, Registrador Sustituto, compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Compañía de Ferrocarriles de Puerto Rico que desde el año 1903 había inscrito en el Registro de la Propiedad de San Juan, Sección Primera, la concesión o franquicia del ferrocarril de San Juan a Ponce, vía Arecibo, Camuy, Aguadilla, Mayagüez y Yauco, solicitó en junio 24 de 1941 del Registrador de la Propiedad de San Juan, Sección Segunda, lo siguiente:

"...Le acompaño certificación literal de la inscripción sexta, vigente por sustitución de la primera, de la finca número 1093, inscrita al folio 186 del tomo 26 de San Juan, como punto de arranque, expedida por el Hon. Registrador de la Propiedad de San Juan, Sección Primera, relativa a la concesión o franquicia del ferrocarril de San Juan a Ponce, vía Arecibo, Camuy, Aguadilla, Mayagüez y Yauco, adquirida por la Compañía de los Ferrocarriles de Puerto Rico, a los fines de que se sirva hacer las inscripciones de referencia de dicha concesión en los libros de los ayuntamientos de Bayamón, Toa Baja, Dorado y Vega Baja, pertenecientes a la demarcación del Registro bajo su digno cargo y por cuyos territorios atraviesa el citado ferrocarril, en la extensión que se hace constar en la adjunta escritura Núm. 31, otorgada en San Juan de Puerto Rico, ante el notario, Ledo. Cayetano Coll y Cuchí, el 5 de septiembre de

1911, entre Mr. George Villard, en representación de la American Railroad Company of Puerto Rico y don Francisco de Paula Acuña, en representación de la Compañía de los Ferrocarriles de Puerto Rico; enclavando asimismo en los territorios que atraviesa dicho camino de hierro, las estaciones y demás obras integrantes del mismo ferrocarril, según resulta de la otra escritura que se acompaña, la número 32, otorgada en San Juan de Puerto Rico, el 14 de septiembre de 1911, ante el mismo notario y entre las mismas partes, y cuyas edificaciones usted, señor Registrador, se servirá incluir en las citadas inscripciones de referencia, todo con arreglo a lo que disponen los artículos 69, 70, 71 y 72 del Reglamento de la Ley Hipotecaria. Tratándose, como se trata de una sola finca, cuya inscripción primordial extensa consta, como ya se ha dicho, al folio 202 vuelto del tomo 26 de San Juan, finca Núm. 1093, inscripción 6a., se acompañan con la presente un sello de 50 centavos, por los derechos de presentación, según arancel, un sello de 50 centavos por los derechos que dispone el Código Político y $2 adicionales en sellos por los derechos que devenguen las operaciones de las inscripciones o anotaciones que aquí se solicitan. (*Central Cambalache* v. *Registrador*, 52 D.P.R. 797; *Baetjer* v. *Registrador*, 57 D.P.R. 175).''

El registrador suspendió la inscripción solicitada a virtud de la siguiente nota:

''Entendiendo el Registrador que suscribe que la suma de tres dólares, consignada en sellos de Rentas Internas, no es suficiente para poder inscribir el derecho que se interesa con este documento, en uno solo de los cuatro términos municipales Bayamón, Toa Baja, Dorado y Vega Baja que corresponden a la demarcación de este Registro, sino la suma de 23 dólares, como inscripción concisa, conforme al número 5 de la sección 22 de la ley 32 de 1917, ya que se considera la concesión de ferrocarriles como una sola finca, teniendo para ese caso resuelto la Hon. Corte Suprema de Puerto Rico (52 D.P.R. 797) que sólo se cobre un derecho, requirió al Lcdo. don Federico Acosta Velarde para que depositase la diferencia a lo que se negó, SUSPENDO la inscripción solicitada y extiendo nota al margen del asiento 130 del Diario 194, que durará 120 días, de acuerdo con lo dispuesto en la ley 39 de 1928, que enmendó la sección 24 de la que asignó sueldos a los Registradores de la Propiedad, aprobada en 1904. Cancelados dos sellos de 50 cts. cada uno, por derecho número 1 arancel y Código Político. San Juan, Puerto Rico, junio 27 de 1941.''

No conforme la compañía interpuso el presente recurso.

 En el caso de *Central Cambalache* v. *Registrador,* 52 D.P.R. 797, citado por el registrador en su nota se resolvió, según aparece del sumario, lo siguiente:

"El que a virtud del régimen interior de los registros una finca agrupada que se extienda por tres municipios del territorio del mismo registro haya que registrarla en tres tomos separados, no autoriza al registrador para exigir el pago de derechos arancelarios como si se tratara de tres fincas y de tres derechos distintos."

La aplicación que pueda tener la doctrina establecida en este caso al de autos está cumplida pues es un hecho admitido que la franquicia de la recurrente ya fué inscrita en el Registro de San Juan desde el año 1903 y se cobraron los derechos correspondientes. Los artículos 69 y 71 del Reglamento de la Ley Hipotecaria disponen que:

"Artículo 69.—Las concesiones de los caminos de hierro, canales y demás obras públicas de igual índole podrán inscribirse en cualquier tiempo, presentando para ello el título en que se hubiere hecho la concesión definitiva de la obra, sea ley, real disposición o escritura pública, acompañando los demás documentos que determinen o modifiquen los derechos otorgados al concesionario."

"Artículo 71.—La inscripción de las concesiones de que trata el artículo 69 deberán hacerse en el registro de la propiedad a que corresponda *el punto de arranque o cabeza del camino o canal, haciendo breve referencia de esta inscripción primordial en los demás registros cuyo territorio atraviese la obra pública, en los cuales, y en los libros correspondientes a los respectivos ayuntamientos,* se hará constar la extensión superficial del terreno que ocupe y las condiciones de los derechos reales que puedan ser de interés particular en aquellos distritos, sin necesidad en ningún caso de expresar los linderos de las propiedades colindantes, ni de la previa inscripción del terreno adquirido para la construcción del camino o canal." (Itálicas nuestras.)

De acuerdo con estas disposiciones del Reglamento de la Ley Hipotecaria la inscripción de una concesión de un camino de hierro sólo hay que hacerla en aquel Registro de la Propiedad a que corresponda el punto de arranque o cabeza de dicho camino, haciéndose breve referencia de dicha ins-

cripción primordial en los demás Registros cuyo territorio atraviese la obra pública en los libros de los ayuntamientos respectivos. En el caso de autos ya se hizo la inscripción primordial en el Registro de la Propiedad de San Juan, Sección Primera, y lo que se ha solicitado del Registrador recurrido es que haga constar en los libros de los ayuntamientos de Bayamón, Toa Baja, Dorado y Vega Baja una breve referencia de dicha inscripción primordial. Al exigir el recurrido que la recurrente consigne $23 como derechos para la inscripción concisa en uno solo de los municipios mencionados lo hace basado en el inciso 5 de la sección 22 de la ley 32 aprobada el 30 de noviembre de 1917 ((2) pág. 309), que es el que fija el arancel que rige para las inscripciones o anotaciones extensas o concisas. Dicho arancel exige que se pague por cada finca o derecho según su valor y es por una finca que tenga un valor de $30,001 a $40,000 que deben cobrarse $22. El otro dólar exigido corresponde al asiento de presentación y Código Político. Del documento presentado ante el Registrador recurrido aparece que ya se habían satisfecho en el Registro de la Propiedad de San Juan, Sección Primera $25 al inscribirse la concesión originalmente.

En los Comentarios a la Legislación Hipotecaria de Morell y Terry, tomo segundo, página 62, dicho autor hace constar que "respecto a las concesiones de ferrocarriles, canales y demás obras públicas, la Real Orden de 26 de febrero de 1867 y de acuerdo con ella el Nuevo Reglamento, determinan que se considera como una sola finca para el efecto de su inscripción, bajo un solo número, todo el camino de hierro, canal, etc." Y considerando todo el camino de hierro como una sola finca y una sola su inscripción, no deben cobrarse los derechos que exige el Registrador recurrido cuando ya se pagaron al hacerse la inscripción primordial. La doctrina del caso de *Baetjer* v. *Registrador,* 57 D.P.R. 175 es aplicable al de autos. Se trataba allí de una finca conocida con el nombre de "Eastern Sugar Estates" situada dentro de la

jurisdicción de cuatro Registros de la Propiedad distintos. Se presentó en el Registro de la Propiedad de Caguas una escritura de cancelación de hipotecas constituídas sobre dicha finca y se cancelaron los sellos correspondientes computados a base de las cantidades totales envueltas. Al presentarse la misma escritura en el Registro de Humacao para que se practicara la anotación concisa relacionada con la cancelación de las hipotecas en cuanto formaban parte de la finca situada dentro de la demarcación de dicho registro, el registrador suspendió la cancelación solicitada por no haberse acompañado los derechos correspondientes en su totalidad como si se tratara de la misma cancelación ya efectuada en el otro registro. Este tribunal, al revocar la nota recurrida, resolvió, según aparece del sumario, lo siguiente:

"Presentada en un registro la escritura de una hipoteca constituída sobre una propiedad radicada en cuatro registros de la propiedad y cobrados en él los derechos ascendentes a una suma igual a la que se hubiera requerido si la parte de la finca hipotecada dentro de su distrito lo hubiera sido separadamente por el importe total de la hipoteca, otro registro no puede, al presentársele la escritura mencionada, exigir y cobrar una suma igual, obligando así al deudor a pagar cuatro veces lo que se le hubiera exigido pagar de haber distribuído la responsabilidad hipotecaria entre las varias partes de la finca radicadas en los distintos registros al otorgar la hipoteca, de existir algo en la ley a la fecha del otorgamiento que obligara a los acreedores y deudor hipotecarios a así hacerlo o convenirlo.''

█ Del documento presentado en el registro no aparece que se le diera a la concesión de la recurrente valoración alguna, de manera que el valor de $30,000 a $40,000 que le ha dado el recurrido no hemos podido comprobarlo. El inciso 12 de la sección 22 de la ley núm. 32 del año 1917 ((2) pág. 309, supra, dispone que "si el valor de cada finca o derecho no constase del título se cobrará por el valor oficial de la misma para la tasación." Pero es que a la recurrente, de acuerdo con la Resolución Conjunta núm. 1 aprobada el 7 de mayo de 1927, (pág. 607), se le eximió del pago de toda clase de contribuciones hasta el año 1942, de manera que su

concesión o franquicia no figura con valor oficial alguno para fines de tasación. Es por esto que la recurrente sostiene que el arancel que puede aplicarse y con lo cual estuvo conforme en principio el registrador recurrido, es el inciso 4 de la sección 22, supra, que dispone:

"Notas especiales, inscripciones y anotaciones.—Cuando por consecuencia de la presentación no deba verificarse inscripción ni anotación y sí extender notas marginales para cada una de ellas, $0.50."

Morell, al comentar el artículo 63 del Reglamento a la Ley Hipotecaria de España equivalente al artículo 71 nuestro, explica a la página 168, en qué consisten las "inscripciones de referencia" a que se refiere dicho artículo, así:

"Inscripciones de referencia. En los libros correspondientes a los Ayuntamientos o Secciones de todos los términos por donde atraviese la obra pública, *ya del mismo Registro en que consta la inscripción primordial, ya de otros Registros distintos se han de extender bajo número especial breves inscripciones de referencia,* en las que, con arreglo al art. 63 del Reglamento, sólo debe constar la naturaleza de la concesión (canal, vía férrea principal o secundaria o estratégica, tranvía, línea telefónica, etc.), su nombre especial (de Isabel II, de San Jorge, etc., o línea de tal a tal parte, etc.), la fecha del título con las particularidades de su autorización y el libro, folio, número y Registro (Ayuntamiento y Registro debe ser) en que la inscripción primordial se ha practicado (fecha, firma y honorarios).

De acuerdo con una interpretación liberal del arancel vigente en Puerto Rico (ley 32 de 1917, supra) consideramos que el único inciso aplicable al caso de autos, como sostiene la recurrente, es el número 4, supra, ya que las inscripciones breves de referencia a que hace mención el artículo 71 del Reglamento, supra, no pueden considerarse ni como inscripciones extensas o concisas, y aun considerándose, ya los derechos correspondientes fueron satisfechos al hacerse la inscripción primordial en el Registro de la Propiedad de San Juan, Sección Primera.

*Se revoca la nota recurrida y ordena las inscripciones de referencia solicitadas.*

El Juez Asociado Sr. De Jesús no intervino.