Jaime Matos Pérez, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1104.—*Sometido:* Julio 6, 1942. *Resuelto:* Noviembre 24, 1942.

*Gaspar Gerena Bras,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Este es un recurso gubernativo contra una nota del registrador de la propiedad negándose a inscribir una escritura en la cual el vendedor intenta "vender, ceder y traspasar"

al comprador "toda acción, título, derecho e interés que tiene o pueda corresponderle" sobre cierta finca. El registrador denegó la inscripción por los siguientes fundamentos:

"SE DENIEGA LA INSCRIPCIÓN de la anterior escritura, porque en ella no se ha dado cumplimiento al artículo 21 de la Ley Hipotecaria que dispone: que los documentos de actos y contratos que deban inscribirse, expresarán por lo menos todas las circunstancias que bajo pena de nulidad debe contener la inscripción y sean relativas a las personas de los otorgantes, a las fincas y a los derechos inscritos, y el artículo 9 de la misma ley ordena, que toda inscripción que se haga en el Registro expresará entre otras las circunstancias siguientes: '2a.—La naturaleza, extensión, condiciones y cargas de cualquier especie del derecho que se inscriba y su valor, si constase del título. '3a.—La naturaleza, extensión, condiciones y cargas del derecho sobre el cual se constituya el que sea objeto de la inscripción.' Y estas circunstancias, que el registrador no puede tomar más que del título mismo, han sido completamente omitidas en el documento presentado y su omisión haría nula la inscripción que del mismo se hiciese según dispone el artículo 30 de la citada ley. Si calificado un documento la inscripción que pudiera éste producir fuera nula, el Registrador no debe inscribirlo. (41 D.P.R. 576). El vendedor Juan Matos Rodríguez no determina qué derechos tiene sobre la finca que describe, y vende, cede y traspasa esos derechos indeterminados al comprador Jaime Matos Pérez, y en el supuesto de que fueren condominios, el precepto del artículo 9, circunstacia 2a. de dicha Ley Hipotecaria, en cuanto exige que se determine la extensión del derecho inscrito, demanda imperiosamente que para poder inscribir un condominio es necesario precisarlo, expresando en el título con toda claridad su porción alícuota. El Registrador de la Propiedad obligado a reflejar en los libros del Registro ÚNICAMENTE lo que los documentos contienen, no está autorizado a determinar cuáles son los derechos y acciones que sin determinarlos dice tener el vendedor, pues en lo tocante a la extensión de los derechos inscritos no consiente la ley indeterminaciones o vaguedades, cuyas deplorables consecuencias está llamado a prevenir y evitar el mismo Registrador. (15 D.P.R. 489 y 492)."

El recurrente insiste en que el registrador está obligado (a) a examinar las inscripciones anteriores de la propiedad en cuestión, (b) a determinar, después de hacer tal examen,

el derecho, título, e interés del vendedor en este caso, y (c) a inscribir a nombre del comprador el derecho, título e interés que resulte de su examen como pertenecientes anteriormente al vendedor.

■■ La contención del recurrente carece de fundamento. En una situación algo parecida, resolvimos recientemente en *Pablo Ruiz* v. *Registrador,* ante, pág. 1, resuelto en noviembre 4 de 1942, que "Al calificar una escritura en cuya virtud se solicita una inscripción y la capacidad de los otorgantes, el registrador debe tomar en consideración lo que resulte de la misma escritura; y no está obligado a examinar las inscripciones anteriores del registro, ni a estudiar otras escrituras no complementarias de la que se trata de inscribir. Artículo 18 Ley Hipotecaria y 77 del Reglamento; *Sucesión de Santos Collazo* v. *Registrador,* 41 D.P.R. 576, 578; 2 Morell 241." En la página 3 del mismo caso dijimos que "de acuerdo con el artículo 9 de la misma ley, toda inscripción que se haga en el Registro deberá expresar entre otras cosas: . . . . la naturaleza, extensión, condiciones y cargas del derecho sobre el cual se constituya el que sea objeto de la inscripción. Cuando la inscripción carece de las expresadas circunstancias, es nula de acuerdo con lo dispuesto por el artículo 30 de la Ley Hipotecaria."

Véanse también, 2 Morell, Legislación Hipotecaria, 127; *Alvarez et al.* v. *Registrador de la Propiedad,* 3 D.P.R. 264, 268.

■ El hecho de que la propiedad en este caso sea, de acuerdo con el recurrente, un condominio, presenta una razón adicional para confirmar la nota del registrador en este caso. Al dictaminar sobre el problema de la inscripción de intereses de condueños en un condominio, esta Corte en *Puig et al.* v. *Registrador de la Propiedad,* 15 D.P.R. 489, 492, sentó la siguiente regla:

"En la resolución de la dirección de los registros de 6 de junio de 1894 se sienta la doctrina de que el precepto del artículo 9º, cir-

cunstancia 2ª., de la Ley Hipotecaria, en cuanto exige se determine la extensión del derecho inscrito, demanda imperiosamente, con relación al condominio, que en su inscripción aparezca la porción alícuota de cada condominio (*sic*) [condómino], con claridad tal, que el tercero pueda conocerla indubitablemente.

". . . no consiente la ley indeterminaciones o vaguedades, cuyas deplorables consecuencias está llamado a prevenir y evitar el mismo registrador de la propiedad."

*La nota del registrador será confirmada.*