SAN MIGUEL, GONZÁLEZ Y VALIENTE Y COMPAÑÍA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1140.—*Sometido:* Febrero 25, 1944. *Resuelto:* Marzo 31, 1944.

*E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Para asegurar la efectividad de la sentencia que pudiera recaer en una acción sobre cobro de dinero iniciada en la Corte de Distrito de San Juan, la recurrente obtuvo una orden de embargo, expidiéndose el correspondiente mandamiento al Registrador de la Propiedad de Caguas para que anotara "el embargo de todo derecho, título, interés o participación" que el demandado Onofre Solano tuviera en

dos fincas que se describieron y las cuales están inscritas a favor de dicho demandado. El registrador se negó a anotar el embargo por nota que en lo pertinente dice así:

".. . por resultar que al embargarse todo derecho, título, interés o participación que en las fincas descritas corresponda al demandado Onofre Solano, no se ha dado cumplimiento a lo dispuesto en el artículo 21 de la Ley Hipotecaria, sin que se haya determinado la naturaleza, extensión, condiciones y gravámenes del inmueble objeto del embargo, cuya omisión haría nula la inscripción que del mismo se hiciese de acuerdo con el artículo 30 de la Ley Hipotecaria, . . ."

La firma embargante interpuso este recurso gubernativo. En el memorándum sometido por el registrador para sostener su nota alega que ella "se funda en la doctrina establecida por esta Hon. Corte en el caso de *Jaime Matos Pérez v. Registrador*" 61 D.P.R. 94.

Dicho caso es claramente inaplicable. Allí resolvimos, ratificando casos anteriores, que de acuerdo con el artículo 9 de la Ley Hipotecaria "toda inscripción que se haga en el Registro deberá expresar entre otras cosas: . . . la naturaleza, extensión, condiciones y cargas del derecho sobre el cual se constituya el que sea objeto de la *inscripción*. Cuando la *inscripción* carece de las expresadas circunstancias, es nula de acuerdo con lo dispuesto por el artículo 30 de la Ley Hipotecaria." (Bastardillas nuestras.)

En el caso de autos no se trata de ninguna inscripción sino de la anotación de un embargo sobre fincas ya inscritas en el Registro a nombre del demandado Onofre Solano. En el caso de *E. Solé & Co. S. en C.* v. *Registrador,* 48 D.P.R. 168, se resolvió, citando del sumario:

"Afecta una finca a una hipoteca *inscrita* constituída a favor de una persona, un embargo de todo el *título, derecho e interés* que esa persona tenga en la finca debe anotarse en lo que, como acreedora hipotecaria tiene en dicha finca, o sea, en su derecho de hipoteca." (Bastardillas nuestras.)

El caso de autos es más fuerte aún, pues en el registro las fincas están inscritas a favor del demandado, mientras que en el de *Solé,* supra, la finca aparecía inscrita a favor de otra persona.

*Debe revocarse la nota recurrida y ordenarse la anotación solicitada.*