PEREIRA, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 169.—Resuelto en enero 26, 1914.

CALIFICACIÓN DE DOCUMENTOS PARA SU INSCRIPCIÓN—FALTA DE EXPRESIÓN DEL TÍTULO DE ADQUISICIÓN—NÚMERO 3 DEL ARTÍCULO 75 DEL REGLAMENTO HIPOTECARIO.—No constituye defecto subsanable ni insubsanable en un título el que no exprese el modo de adquirir la persona que transmite el derecho, pues la omisión de ese requisito, exigido por el número 3 del artículo 75 del Reglamento de la Ley Hipotecaria, no impide que el régistrador lo haga constar en la inscripción, consultando los antecedentes de su oficina.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador sustituto, Sr. Rafael Arce, no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El recurrente Agapito Pereira presentó en el Registro de la Propiedad de Caguas la escritura pública No. 297 de 20 de noviembre de 1913, para que se inscribiera la edificación que ha hecho de una casa en solar que le fué cedido en usufructo por el concejo municipal de dicha ciudad. En el documento se describe el solar cedido y también la finca de la cual forma parte, perteneciente al Municipio de Caguas y, si bien no expresa el título de adquisición de éste, de una certificación acompañada a ella, expedida por el secretario del expresado concejo municipal, aparece que la corporación municipal adquirió el inmueble por donación que le hicieron Don Esteban Delgado y otros que se halla inscrita en el registro de la propiedad.

Con tales antecedentes el Registrador sustituto de Caguas, verificó la inscripción solicitada, pero con el defecto subsanable que aparece de la nota puesta al pie del documento, la que lee así:

"Inscrito el precedente documento al folio 62 del tomo 41 de esta ciudad, finca número 1937, inscripción 1ª. con el defecto subsanable de no expresarse en dicho documento la forma de adquisición de la finca principal de donde procede el solar sobre el cual enclava la casa edificada por el Sr. Pereira, verificándose dicha inscripción con vista de otro documento.    Caguas, 24 de diciembre de 1913.    Rafael Arce, registrador sustituto."

Interpuesto en tiempo oportuno el presente recurso gubernativo con solicitud de que revoquemos esa nota en cuanto consigna el defecto subsanable de no constar del documento la forma de adquisición de la finca principal de donde procede el solar cedido en usufructo, solicitamos del registrador que nos enviase certificación literal del documento, acompañado con el título de edificación y de la inscripción que había hecho en sus libros.    Respecto al documento acompañado, ya hemos dicho antes lo que resulta de él, y en cuanto a la inscripción, aparecen de ella los particulares que entresacamos a continuación: .

"*  *  *.   El solar en que enclava esta casa forma parte de la finca número quinientos sesenta y dos, inscrita al folio noventa y dos del tomo once de esta ciudad, inscripción primera.    El Municipio de Caguas adquirió el referido solar, en mayor porción, por donación que le hicieran Don Esteban, Don José, Don Felipe y Don Manuel Gregorio Delgado.    *   *   *

"Todo lo referido consta del registro v de la escritura número 297, de fecha 20 de noviembre último,   *   *   *   constando igualmente de una certificación expedida por Juan M. Solá, secretario municipal de esta ciudad con fecha 20 del propio mes de noviembre último, comprensiva de la concesión relacionada hecha por el municipio de esta ciudad, cuyo documento se tiene a la vista y queda archivado en el legajo de su clase, con el número noventa y siete.    Se hace constar el defecto subsanable de no expresarse en el título la forma de adquisición de la finca principal de donde proceda el solar   *   *   *."

De los antecedentes expuestos resulta que si bien en el documento inscrito no se hizo constar el título de adquisición de la persona que transmite el derecho, este requisito aparecía de otro documento a él acompañado y que el registrador

tuvo a la vista para la inscripción; y como dicho funcionario debe calificar por lo que resulte del título, de los documentos a él acompañados y de sus libros, el mero hecho de que aquella circunstancia no aparezca del título, no puede constituir el defecto subsanable que mencionó el registrador, con menos razón en este caso cuando en la propia inscripción se hizo constar que el Municipio de Caguas había adquirido por donación inscrita la finca de que procede el solar que cedió en usufructo al recurrente.

Además, al decir el número 6 del artículo 9 de la Ley Hipotecaria que en la inscripción se hará constar el nombre y apellido de la persona, o el nombre de la corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse, no hace referencia a su causante, por lo que conteniendo la escritura de cuya inscripción se trata todos aquellos requisitos, no puede sostenerse que contenga defecto subsanable ni insubsanable porque en ella no se haya expresado el título de adquisición de la persona que transmite el derecho, ya que la omisión de esa circunstancia no impide que el registrador la haga constar en la inscripción, consultando los antecedentes de su oficina a fin de cumplir con el número 3 del artículo 75 del reglamento para la ejecución de dicha ley. Resolución de la Dirección de los Registros de España de 6 de marzo de 1884.

Por las razones expuestas la nota recurrida debe ser revocada en cuanto consigna el defecto subsanable mencionado.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.