## PIETRI ET AL., RECURRENTES, v. EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una partición de bienes hereditarios.

### No. 221.—Resuelto en julio 8, 1915.

PROCEDIMIENTOS JUDICIALES — INSCRIPCIÓN EN EL · REGISTRO — JURISDICCIÓN.— Cuando se trata de procedimientos judiciales que se presentan al registrador para su inscripción, el recurrente debe demostrar que la corte que entendió en los mismos tenía jurisdicción, así como que tuvo ante sí todas las partes necesarias en dichos procedimientos. Véase *Ortiz* v. *El Registrador de Guayama,* 22 D. P. R., 339.

TESTAMENTOS—DERECHOS INSCRIBIBLES—REQUISITOS ESENCIALES—PRESUNCIÓN.— Cuando en un testamento se ordena que se ejecute un acto determinado, la persona que alega tener derechos que puedan inscribirse de acuerdo con el mismo, debe demostrar al registrador que los requisitos esenciales en la ejecución del testamento fueron cumplidos, no debiendo quedar éstos sujetos a presunción.

AFFIDAVIT—DOCUMENTO PÚBLICO—LEY HIPOTECARIA.—Un *affidavit* no es un documento público de la clase exigida por la Ley Hipotecaria. Véase *Delgado* v. *El Registrador de Caguas,* 22 D. P. R., 125, y *Hernández* v. *Rosado et al.,* 22 D. P. R., 387.

PARTICIÓN DE HERENCIA—DESCRIPCIÓN DE LOS BIENES HEREDITARIOS—INSCRIPCIÓN EN EL REGISTRO.—Las referencias que se hagan en una escritura de partición de herencia, aun con respecto a las inscripciones en el registro, no son suficientes para dar por cumplido el artículo 30 de la Ley Hipotecaria que exige una descripción de los bienes en la propia escritura.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. José Tous Soto* y *Manuel Tous Soto.*

El registrador recurrido Sr. Rafael B. Sama compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

. La nota del registrador en este caso fué sustancialmente como sigue:

"No admitida la inscripción solicitada en virtud de un proyecto de partición acompañado de otros documentos por observarse los defectos de no describirse en el título las fincas urbanas, de una de .

las cuales se ha pedido inscripción siendo ineficaz y contrario a la ley un *affidavit* para adicionar un documento público; de no haberse cumplido lo que ordena el testador respecto que sus operaciones particionales se practicaran extrajudicialmente, debiendo intervenir los interesados residentes en Francia, por sí o por medio de apoderado, y los menores por sus padres con patria potestad o por un defensor en el caso de existir intereses encontrados.''

En este caso aparece que los contadores partidores nombrados por el testador se negaron a aceptar sus cargos, habiendo sido nombrado otro contador por la corte. El registrador explica en cuanto al segundo defecto que señala en su nota, que no hacía referencia al hecho de que los contadores partidores nombrados en el testamento dejaran de cumplir su cometido, ni al nombramiento de un contador por la corte, ni siquiera al hecho de que debe acudirse a la corte cuando algunos de los herederos son menores de edad, pero insiste en que la escritura de partición debe permitir la intervención directa de los herederos residentes en Francia. Los recurrentes llaman la atención al hecho de que en el recurso que consideramos no solamente la corte había nombrado un contador y los derechos de los menores estaban protegidos por un procedimiento judicial, sino que existe una sentencia de la corte aprobando la partición; que como tuvo lugar un procedimiento judicial sobre partición y se dictó sentencia aprobando el mismo, surge la presunción tanto en lo que respecta a la regularidad de los procedimientos como en cuanto a que se ha cumplido con la ley, y por tanto de que fueron oídos todos los herederos o se les dió la oportunidad de ser oídos. La sentencia en cuestión expresa en efecto que a instancia de los herederos José Pietri y Pietri y Felipe Pietri y Pietri la corte designó un contador partidor; que el contador rindió su informe y presentó un proyecto de inventario, avalúo, liquidación y división; que los expresados herederos solicitaron que se aprobara dicho informe; que de las pruebas aducidas resultó que hubo una división justa entre los herederos, respetándose la voluntad del testador y los

derechos de todas las partes interesadas, y por tanto la corte aprobó el informe y ordenó la división de conformidad con el mismo. Los procedimientos que tuvieron lugar en el juicio no fueron presentados en el registro. No discutiremos ahora cuáles son todas las presunciones que surgen de una sentencia y hasta dónde está obligado el registrador de la propiedad por razón de dichas presunciones. En el caso de *Ortiz* v. *El Registrador de Guayama,* 22 D. P. R., 339, declaramos que debe demostrarse la jurisdicción de la corte. De igual modo puede ser que deba probarse que todas las partes estaban ante la corte para que tuviera jurisdicción para dictar la sentencia que precisamente dicta. Sea como fuere, creemos que cuando en un testamento se ordena que se haga determinada cosa, cualquier persona que alegue tener derechos que puedan inscribirse de acuerdo con el mismo, deberá probar al registrador que todos los verdaderos requisitos de dicho testamento han sido observados y no exigir que el registrador entre en presunciones. En la sentencia que ha sido sometida a nuestra consideración solo se mencionan dos de los herederos, no se hace constar que hubieran estado presentes otros herederos adultos, ni existe tampoco en dicha sentencia constancia alguna respecto de las gestiones hechas para proteger los intereses de los menores. No es nuestra intención resolver ahora que una sentencia es nula o está sujeta a ser impugnada por no contener estos requisitos, pero creemos que cuando las partes pretenden fundarse en los documentos que forman su título en lo que respecta a terceros, la sentencia que ha de ser inscrita en el registro debe contener dichos requisitos.

En cuanto al primer defecto mencionado por el registrador, o sea el no hacerse la descripción de una de las fincas, los recurrentes sostienen que el registrador tenía bajo su consideración y en la misma escritura de partición algunos elementos para identificar la finca y que en el *affidavit* que acompaña a la escritura está completa la descripción. Hemos resuelto en los casos de *Delgado* v. *El Registrador de Caguas,*

22 D. P. R., 125, y *Hernández* v. *Rosado et al.*, 22 D. P. R., 387, que un *affidavit* no es un documento público de la clase exigida por la ley hipotecaria. Por tanto, el caso de *Méndez* v. *El Registrador de Caguas*, 18 D. P. R., 805, no es de aplicación. En ese caso solamente se resolvió que si del escrito que acompañaba a la escritura queda perfeccionada la descripción la escritura podía ser inscrita, pero en la opinión se daba por sentado que el escrito así acompañado estaba en debida forma. Sin que exista tal *affidavit,* las referencias que se hagan en una escritura de partición, aun con respecto a las inscripciones en el registro no son suficientes para cumplir con el artículo 30 de la Ley Hipotecaria que exige que los bienes se describan en la misma escritura. El registrador alega que la descripción puede haber variado, o haberse dividido la finca y es bastante con expresar que las prescripciones de dicho artículo 30 deben ser observadas.

Debe confirmarse la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.