PABLO RUIZ, recurrente, *v.* OSVALDO TORRES GÓMEZ, como Delegado del Fiscal en sustitución del Registrador de la Propiedad de Utuado, recurrido.

Núm. 1111.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Noviembre 4, 1942.

*Antonio E. Suliveres,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Vidal Montalvo Rodríguez tenía inscrita a su nombre en el Registro de la Propiedad de Utuado una finca de 62.50

cuerdas. Mediante cinco escrituras distintas, Montalvo segregó de dicha finca y vendió seis parcelas, de 18, 9, 3, 3, 7 y 13.50, respectivamente, quedando así reducida la finca principal a una cabida de nueve cuerdas. En la misma fecha en que se hicieron las mencionadas segregaciones, o sea en agosto 1 de 1942, Montalvo otorgó escritura de compraventa a favor del aquí recurrente, Pablo Ruiz, con el propósito de vender a éste las nueve cuerdas que aún le quedaban como resto de la finca original de 62.50 cuerdas. En dicha escritura se describe el inmueble objeto de la compraventa, así:

"RÚSTICA: Radicada en el barrio Salto Arriba del término municipal de Utuado, compuesta de nueve cuerdas de terrenos, equivalentes a tres hectáreas, cincuenta y tres áreas y setenta y tres centiáreas, de terrenos. Linda: Por el Norte, con Pablo Rivera; Este, con la P.R.R.A.; Sud, con Pedro Ramón Maldonado; y por el Oeste, con Evaristo López, Pablo Rivera y Juana Maldonado."

Presentada la escritura al registro, el registrador recurrido se negó a inscribirla, por las razones consignadas en la siguiente nota, contra la cual se ha interpuesto el presente recurso:

"Se deniega la inscripción de la anterior escritura, porque en ella no se describe la finca principal de la que se dice es resto la de nueve cuerdas que Vidal Montalvo Rodríguez vende a Pablo Ruiz, las referencias que se hagan en una escritura de venta, aun con respecto a las inscripciones en el Registro no son suficientes para cumplir con los artículos 21, 9 y 30 de la Ley Hipotecaria que exigen que los bienes se describan en la misma escritura bajo pena de nulidad de su inscripción. (*Pietri et. al* v. *Registrador*, 22 D.P.R. 729 y 732). Tomándose en su lugar anotación preventiva por el término legal de 120 días a favor del adquirente Pablo Ruiz, al folio 66 vuelto del tomo 175 de Utuado, finca número 7521, anotación "A". Utuado a 3 de septiembre de 1942. (Fdo.) Osvaldo Torres Gómez, Delegado del Fiscal."

Opinamos que el registrador procedió correctamente al negarse a practicar la inscripición.

El artículo 21 de la Ley Hipotecaria dispone que las escrituras públicas de actos o contratos que deban ins-

cribirse "expresarán por lo menos todas las circunstancias que bajo pena de nulidad debe contener la inscripción y sean relativas a las personas de los otorgantes, a las fincas y a los derechos inscritos". Y de acuerdo con el artículo 9 de la misma ley, toda inscripción que se haga en el registro deberá expresar entre otras cosas: (1) la naturaleza, situación y linderos de los inmuebles objeto de la inscripción o a las cuales afecte el derecho que debe inscribirse y su medida superficial; y (2) la naturaleza, extensión, condiciones y cargas del derecho sobre el cual se constituya el que sea objeto de la inscripción. Cuando la inscripción carece de las expresadas circunstancias, es nula de acuerdo con lo dispuesto por el artículo 30 de la Ley Hipotecaria.

De la certificación expedida por el Registrador y presentada por el recurrente en apoyo del presente recurso, aparece que al folio 65 del tomo 175 de Utuado, inscripción primera, aparece inscrita a nombre del recurrente la finca número 7521, que se describe así:

"RÚSTICA: Radicada en los Barrios Guaonico y Salto Arriba del término municipal de Utuado, compuesta de sesenta y dos cuerdas y cincuenta céntimos de otra, equivalentes a 24 hectáreas, 56 áreas y 50 centiáreas de terrenos. Linda: Por el Norte, con Juan Serrano, Pablo Rivera, Jerónimo Rivera y la Puerto Rican Reconstruction Administration; Este, Sucesión Avilés; Sud, Sucesión Eusebio Maldonado, The Federal Land Bank of Baltimore y Evaristo López; y Oeste, Luis Carrasquillo."

De la misma certificación consta que las segregaciones a que ya hemos hecho referencia han sido inscritas como fincas separadas a nombre de los respectivos adquirentes.

En el presente caso no se trata de una nueva segregación y sí de la venta del remanente de la finca número 7521, cuya cabida ha sido reducida a nueve cuerdas. La descripción que se hace en la escritura de la finca objeto de la venta no corresponde con la descripción que de la finca número 7521 aparece en el registro. En éste no aparece inscrita ninguna

finca de nueve cuerdas a favor del vendedor, con las colindancias que en la escritura se especifican.

La práctica corriente y más aconsejable es la de describir la finca original tal y como aparece del Registro; hacer constar las segregaciones que se hubieren practicado, para poder determinar con exactitud a cuanto ha quedado reducida la cabida del inmueble; y, por último, vender el remanente de la finca, haciendo constar sus colindancias. Eso parece ser todo lo que ha exigido el Registrador en el presente caso.

■ Al calificar una escritura en cuya virtud se solicita una inscripción y la capacidad de los otorgantes, el registrador debe tomar en consideración lo que resulte de la misma escritura; y no está obligado a examinar las inscripciones anteriores del registro, ni a estudiar otras escrituras no complementarias de la que se trata de inscribir. Artículo 18, Ley Hipotecaria y 77 del Reglamento; *Sucesión de Santos Collazo v. Registrador,* 41 D.P.R. 576, 578; 2 Morell 241.

*Debe confirmarse la nota recurrida.*