GONZALO UBIÑAS GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1155.—*Sometido:* Noviembre 6, 1944. *Resuelto:* Enero 30, 1945.

*José L. Cancio,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El recurrente y su esposa otorgaron un pagaré al portador por la suma de $6,000, y para garantizar su pago constituyeron primera hipoteca sobre una finca urbana de su propiedad radicada en la municipalidad de Isabela.

Presentada la escritura de hipoteca para su inscripción, el registrador la inscribió consignando al calce de la escritura la siguiente nota:

"Inscrito este documento al folio 39 vto. del tomo 65 de Isabela, finca 3837 e inscripción 2 con el defecto subsanable de no expresarse el título de adquisición. . ."

La resolución de la controversia entre el Registrador y el recurrente depende de la interpretación que deba darse a los artículos 9, inciso 6 y 21 de la Ley Hipotecaria y al artículo 75, inciso 3 del reglamento, los cuales leen así:

"Artículo 9.—Toda inscripción que se haga en el registro expresará las circunstancias siguientes:

"       *       *       *       *       *       *       *

"6. El nombre y apellido de la persona, o el nombre de la corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse.

"Artículo 21.—Las escrituras públicas de actos o contratos que deban inscribirse, expresarán por lo menos todas las circunstancias que bajo pena de nulidad debe contener la inscripción y sean relativas a las personas de los otorgantes, a las fincas y a los derechos inscritos.

"Artículo 75 (Reglamento).—La inscripción de cualquiera especie se extenderá por el orden siguiente:

"       *       *       *       *       *       *       *

"Tercero.—Nombre y título de adquisición del que transfiera el derecho o el nombre de la corporación o persona·jurídica de quien proceda inmediatamente.

Sostiene. el recurrente que la nota recurrida es errónea:

1. Porque el derecho que ha de inscribirse es el crédito hipotecario constituído a favor del tenedor del pagaré y en la escritura se expresa el nombre y apellido de las personas que lo constituyeron o sea el recurrente y su esposa, como deudores.

2. Porque el inmueble hipotecado no es objeto de operación alguna de transferencia en el Registro, en el cual aparece dicho inmueble inscrito a favor del recurrente y esposa.

3. Porque los preceptos legales citados sólo son de rigurosa aplicación en casos de transferencia del dominio y demás derechos reales sobre los inmuebles y no a casos de constitución de hipotecas.

En defensa de su nota, el Registrador invoca los artículos 9, inciso 6 y 21 de la Ley Hipotecaria, supra, y la interpretación que a dichos artículos diera este Tribunal en el caso de *Ruiz* v. *Torres, Registrador,* 61 D.P.R. 1; y en oposición a la contención del recurrente de que los citados artículos de la Ley Hipotecaria no son aplicables cuando se trata de la constitución de una hipoteca, el Registrador cita el artículo 30 de la Ley Hipotecaria, que dice así:

"Artículo 30.—Las inscripciones de los títulos expresados en los artículos 2 y 5 serán nulas cuando carezcan de las circunstancias comprendidas en los números 1, 2, 3, 4, 5, 6, y 8 del artículo 9, y en el número 1 del artículo 13."

El artículo 2 a que se refiere el artículo 30 precedente, dispone, en cuanto es pertinente, lo siguiente:

"Artículo 2.—En los registros expresados en el artículo anterior se inscribirán:

"1.— *        *        *        *        *        *        *

"2. Los títulos en que se constituyan, reconozcan, modifiquen o extingan ·derechos de usufructo, uso, habitación, enfiteusis, *hipotecas,*

censos, servidumbres y otros cualesquiera reales.'' (Bastardillas nuestras)

Antes de considerar y resolver la cuestión legal planteada en este recurso, conviene dejar sentado como un hecho indubitado que la finca hipotecada se encuentra inscrita a nombre de los hipotecantes, el recurrente y su esposa. De no ser así, el registrador hubiera denegado la inscripción del documento.

No estamos conformes, por considerarla errónea, con la interpretación que da el registrador a las disposiciones legales arriba citadas.

Nuestra decisión en *Ruiz v. Torres, Registrador,* supra, en nada puede ayudarnos para la decisión del presente recurso. Se trataba en aquel caso de interpretar el artículo 9, incisos 1 y 2 de la Ley Hipotecaria, en relación con el artículo 21 de la misma ley. Resolvimos, que una escritura por la cual se vende el remanente de una finca que ha sufrido varias segregaciones y en la cual no se describe la finca original según aparece del registro, ni se hace constar las segregaciones, y sólo se hace constar las colindancias de la porción remanente, no cumple con las exigencias de los artículos 9, (1) y (2) y 21 de la Ley Hipotecaria a los efectos de su inscripción y no es inscribible. Ahora se trata de la interpretación del inciso 3, artículo 9 en relación con los artículos 2, 21 y 30 de la Ley Hipotecaria y el artículo 75 del reglamento.

Todo lo que exige el artículo 9, inciso 6, es que en la inscripción que se haga en el registro deberá hacerse constar *el nombre y apellido de la persona de quien procedan inmediatamente los bienes o derechos que deban inscribirse.* El artículo 21, sin duda alguna con el fin de que el Registrador pueda cumplir con los requisitos del artículo 9, exige que en la escritura que ha de presentarse al registro deberá expresarse todas las circunstancias que bajo pena de nulidad debe contener la inscripción en relación con las personas de los

otorgantes y con los derechos inscritos o sea, en otras palabras, que en la escritura debe hacerse constar *el nombre y apellido de la persona de quien procedan inmediatamente los bienes o derechos que deban inscribirse*. El artículo 75 del reglamento, que marca al registrador el orden que deberá seguir al extender una inscripción, dispone en su inciso 3 que en la inscripción se hará constar "el nombre y título de adquisición del que transfiera el derecho".

No cabe dudar que si se tratase de la venta o transmisión del dominio de la finca, el registrador estaría justificado no sólo en consignar el defecto de no expresarse en la escritura el título de adquisición del vendedor, sí que también en denegar la inscripción, toda vez que ésta sería nula si se practicara sin haberse cumplido con el indicado requisito legal.

No se trata en el presente caso de la inscripción de un título traslativo del dominio y sí de la de una escritura por la cual el dueño de un inmueble—con título de dominio ya inscrito a su favor en el registro y en cuya inscripción consta el nombre y apellido de su vendedor o causante—crea o constituye un derecho de hipoteca a favor de su acreedor. Para sostener el criterio del Registrador, tendríamos que sostener el absurdo principio de que la hipoteca, que es el derecho que debe inscribirse, procede inmediatamente del antecesor en título del hipotecante y no de éste. Tendría razón el registrador si se tratase de la inscripción de la cesión o traspaso de un crédito hipotecario, pues en ese caso, tanto en la escritura como en la inscripción deberá hacerse constar el nombre y apellido de la persona de quien procede inmediatamente el derecho de hipoteca que deberá inscribirse a favor del cesionario.

Es cierto, como alega el Registrador, que el artículo 30 de la Ley Hipotecaria excluye expresamente las inscripciones de hipotecas y que, por consiguiente, la omisión de las circunstancias comprendidas en el número 6 del artículo 9 no produce, de acuerdo con la ley española, la nulidad de la

inscripción de una hipoteca. Y es igualmente cierto que el artículo 30 de nuestra Ley Hipotecaria, supra, no establece excepción alguna en favor de las hipotecas. Es en esta diferencia entre la ley española, y la nuestra que se basa el registrador para sostener que la inscripción del documento presentado por el recurrente, sin el defecto subsanable consignado en la nota, sería nula.

La cuestión que estamos considerando ha sido resuelta por los tribunales españoles en contra de la contención del Registrador. J. Morell y Terry, en sus Comentarios a la Ley. Hipotecaria (Tomo 2, Vol. 20 Biblioteca Jurídica de Autores Españoles, etc., pág. 133), dice:

"En una escritura de hipoteca el transferente es el hipotecante sin que haya necesidad de expresar en la inscripción la persona de quien ese hipotecante adquirió los bienes, según las Resoluciones de 24 de noviembre de 1882 y 6 de marzo de 1884, no siendo en general necesario, como hemos dicho, ese requisito con arreglo a la de 10 de diciembre de 1908".

Galindo y Escosura, comentando el inciso 6 del artículo 9 de la Ley Hipotecaria de 1869 (1 G. y E. 589) sostienen, que no ha de considerarse como defecto en la inscripción "el no expresarse en una escritura de hipoteca el nombre y apellido de la persona de quien adquirió el inmueble, el que la constituye, ni el título de su adquisición". Los mismos autores, comentando el artículo 30 de la Ley Hipotecaria Española (Tomo 2, págs. 336 a 338) llegan a la conclusión "que la inscripción hipotecaria, puede y debe contener, con arreglo al número 6 del artículo 9, el nombre y apellido de la persona de quien procede el derecho de hipoteca", y añaden: "la persona de quien proceden inmediatamente los bienes o derechos que se han de inscribir, no es el causante del que contrae, sino el mismo que contrae; del causante, la procedencia es mediata".

Constando en la escritura presentada en este caso el nombre y apellido del recurrente y de su esposa, que son

las personas de quienes procede inmediatamente el derecho de hipoteca, que es el que ha de inscribirse, debemos resolver como resolvemos que la escritura cumple con los requisitos del artículo 9, inciso 6 de la Ley Hipotecaria y que el Registrador erró al inscribirla con el defecto consignado en su nota. *Ésta debe ser revocada, debiendo el Registrador practicar la inscripción libre de tal defecto y sin costo alguno para el recurrente.*