AUTORIDAD DE TIERRAS DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1167.—*Sometido:* Junio 11, 1945. *Resuelto:* Julio 20, 1945.

*Francisco A. Arrillaga* y *Aureliano Rivas Rosario,* abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La Autoridad de Tierras de Puerto Rico adquirió mediante permuta una finca de Francisco L. Raffucci. Citando el inciso sexto del artículo 9 de la Ley Hipotecaria, el Registrador denegó la inscripción de la escritura de permuta por el fundamento de que se había omitido el nombre y apellido de la persona de quien Raffucci inmediatamente adquirió el inmueble objeto de la permuta. La Autoridad de Tierras ha entablado este recurso gubernativo contra la nota del Registrador.

El inciso sexto del artículo 9 y el artículo 75 del Reglamento son las disposiciones legales pertinentes a este caso. Dicen como sigue:

"Artículo 9.—Toda inscripción que se haga en el Registro expresará las circunstancias siguientes:

"  *       *       *       *       *       *       *

"6a.—El nombre y apellido de la persona o el nombre de la corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse."

"Artículo 75.—La inscripción de cualquier especie se extenderá por el orden siguiente:

"  *       *       *       *       *       *       *

"Tercero.—Nombre y título de adquisición del que transfiera el derecho o el nombre de la corporación o persona jurídica de quien proceda inmediatamente."[1]

---

[1] Véanse también los artículos 21 y 30 de la Ley Hipotecaria.

Parece claro que estos artículos no exigen que se exprese en una escritura de transmisión de dominio el nombre y apellido de la persona de quien el transmitente adquirió su título. La resolución de la Dirección General del Registro de la Propiedad de 6 de marzo de 1884 sostiene lo contrario que la nota del Registrador. Esta resolución, según se extracta en el Diccionario de Jurisprudencia Hipotecaria de España, por Carlos Odriozola, dice como sigue:

"La circunstancia sexta del artículo 9 de la Ley Hipotecaria, que ha de constar en todas las inscripciones, es el nombre y apellido de la persona de quien procedan inmediatamente los bienes o derechos, o sea, el del que transmite o grava y no el de su causante por lo que expresado en la escritura el nombre del que constituye la hipoteca aparece ya cumplido lo que exige el artículo 9, sin que sea necesario consignar además en la inscripción, el nombre y apellido del dueño anterior de la finca." (Pág. 619).

Dato, Repertorio Doctrinal y Legal de la Jurisprudencia Civil, hace un comentario similar en el tomo 6, pág. 205:

"Ni la circunstancia 6ª del artículo 9º de la Ley Hipotecaria alude al causante de la persona que transmite el dominio o derecho real, sino al mismo transferente, ni la omisión del título de adquisición exigido por el núm. 3º del art. 29 del Reglamento, impide se haga constar en la inscripción, consultando los datos de la oficina, como lo declaró la Dirección general en 6 de marzo de 1884."(2)

Manuel Martínez Escobar, considerando esta cuestión en su obra Las Inscripciones, tomo II, a la pág. 203, se expresa así:

"Las inscripciones contendrán, además de las circunstancias indicadas en los tres capítulos precedentes, *el nombre y apellido de la persona,* si fuese determinada (art. 9º nº 5º de la Ley), y no siéndolo, *el nombre* de la corporación o el colectivo de los interesados *a cuyo favor se hace la inscripción.*

(2) El artículo 29, inciso tercero que se menciona lee así:

"Artículo 29.—La inscripción de cualquier especie se extenderá por el orden siguiente:

"    *        *        *        *        *        *        *

"3º.—El nombre y título de adquisición del que transfiere el derecho."

"Contendrán, asimismo (nº 6º), el *nombre y apellido* de la persona, o *el nombre* de la corporación o persona jurídica *de quien procedan inmediatamente los bienes o derechos que deban inscribirse.*

"En todas ellas, sea cual fuere su especie, se expresará, entre otras cosas, el nombre y *título de adquisición del que transfiera el derecho* o el nombre de la corporación o persona jurídica *del que proceda inmediatamente* (art. 75, nº 3º, del Reglamento), y el nombre de la persona, entidad, colectividad o corporación a cuyo favor se transfiera (nº 5º).

"Más claro: los nombres del *transferente* y del *adquirente* del derecho que se inscriba." (Subrayado en el original).

Galindo y Escosura, en sus Comentarios a la Legislación Hipotecaria de España, tomo 2, a las págs. 337 y 338, dicen:

"Respetando la autorizadísima opinión de tan eminente Jurisconsulto, no nos deja convencidos. Aunque no haya transmisión, hay constitución de un derecho; y éste *procede* de la persona que es dueño de la finca, cuyo nombre es el que, según el número 6º, ha de hacerse constar en la inscripción. Si efectivamente no fuera posible, como entendía la Serna, indicar en las inscripciones de hipoteca, la persona de quien procede, se hubiera hecho la excepción en el art. 9º y no en el 30; pero como en aquél no se exceptúa, seguimos creyendo, no obstante las razones alegadas por el más autorizado de los Expositores de la Ley, que la inscripción hipotecaria puede y debe contener, con arreglo al núm. 6º del art. 9º, el nombre y apellido de la persona de quien procede el derecho de hipoteca. (V. Res. de 24 Ab. 1883).

"Pudiera salvarse el precepto de la Ley, si por las palabras 'la persona de quien procedan inmediatamente los bienes o derechos que deban inscribirse', no se entendiera que se designaba al otorgante del contrato, sino a su antecesor; a aquel de quien había recibido los bienes o derechos el que los gravaba. Entonces se comprendería la excepción; al hipotecar el dueño la finca a la seguridad del préstamo, creaba un derecho real que no había recibido de nadie, que por lo tanto no procedía de nadie; cosa que no puede suceder en la translación de inmuebles, porque las fincas no se crean, salvo casos muy especiales, y no olvidando que los edificios se consideran como accesorios del suelo. Así, pues, vendiéndose una heredad, es circunstancia precisa decir de quién la ha adquirido el enajenante, si por herencia de Antonio, si por compra de Pedro; pero como el derecho

hipotecario que se constituye no se había heredado ni comprado de nadie, sino que se creaba en aquel momento, sería imposible cumplir semejante requisito.

"Pero esta interpretación no es admisible: la persona de quien proceden *inmediatamente* los bienes o derechos que se han de inscribir, no es el causante del que contrae, sino el mismo que contrae; del causante, la procedencia es *mediata*. (V. Res. de 24 Nov. 1882).

". . . Resultaría además, de aceptarse esta inteligencia de la circunstancia 6ª., un vacío inexplicable en los preceptos del art. 9º, si las palabras 'persona de quien procedan inmediatamente los bienes', designaran, no al que contraía, sino a su causante; habría olvidado la Ley exigir como requisito necesario en las inscripciones el nombre de uno de los contrayentes, y esa omisión sí que entrañaría causa más justa de nulidad, que la del nombre del causante del que enajenaba o gravaba."  -

Finalmente, este Tribunal en *Pereira* v. *Registrador,* 20 D.P.R. 62, empleó el siguiente lenguaje a la pág. 64:

"Además, al decir el número 6 del artículo 9 de la Ley Hipotecaria que en la inscripción se hará constar el nombre y apellido de la persona, o el nombre de la corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse, no hace referencia a su causante, por lo que conteniendo la escritura de cuya inscripción se trata todos aquellos requisitos, no puede sostenerse que contenga defecto subsanable ni insubsanable porque en ella no se haya expresado el título de adquisición de la persona que transmite el derecho, ya que la omisión de esa circunstancia no impide que el registrador la haga constar en la inscripción, consultando los antecedentes de su oficina a fin de cumplir con el número 3 del artículo 75 del reglamento para la ejecución de dicha ley."(³)

*La nota del registrador será revocada y se le ordenará*
*que inscriba la escritura de permuta sin defecto alguno.*

---

(³)El Registrador descansa principalmente en un párrafo de nuestra opinión en *Ubiñas González* v. *Registrador*, 64 D.P.R. 487, que dice como sigue:

"No cabe dudar que si se tratase de la venta o transmisión del dominio de la finca, el Registrador estaría justificado no sólo en consignar el defecto de no expresarse en la escritura el título de adquisición del vendedor, sí que también en denegar la inscripción, toda vez que ésta sería nula si se practicara sin haberse cumplido con el indicado requisito legal."

Pero al leerse dicho lenguaje junto a toda la opinión y a la luz de lo que resolvimos en el caso de *Ubiñas*—allí se resolvió que una escritura de hipoteca no necesitaba indicar el nombre de la persona de quien el hipotecante adquirió la finca—claro es que no tiene el alcance que le atribuye el Registrador. Para evitar cualquier otra posible confusión, añadimos que ahora resolvemos que el nombre y apellido de la persona de quien el transmitente adquirió no tienen que expresarse en una escritura transmitiendo el título.