JOSÉ A. PIÑERO DURÁN y su esposa JULIA ALFARO, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE RÍO PIEDRAS, recurrido.

Número 1305.

*Sometido:* 1 de octubre de 1953. *Resuelto:* 30 de octubre de 1953.

*J. López del Valle,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

Ante el Registrador de la Propiedad de Río Piedras se presentó para su inscripción una escritura de compraventa de una finca localizada en el Barrio Sabana Llana de Río Piedras. Se hace constar en la escritura que esa finca era el remanente de una serie de segregaciones hechas de una finca principal de una cuerda y diez céntimos de otra. En la escritura se describe la finca principal de una cuerda y diez céntimos, expresándose sus colindancias, pero no se describieron los linderos del remanente objeto de la venta. En vista de la omisión en cuanto a la cabida y los linderos del remanente, el Registrador denegó absolutamente la inscripción del inmueble y tomó anotación preventiva de 120 días a favor de los compradores. Estos últimos han interpuesto un recurso gubernativo ante este Tribunal, en que impugnan la actuación del Registrador al denegar tal inscripción. Los

recurrentes admiten que la escritura es defectuosa al no señalarse los linderos y la cabida de la finca pero alegan que se trata a lo sumo de un defecto subsanable y no uno que sea insubsanable en tal forma que justifique la denegación de la inscripción. Alegan que la escritura debió haber sido inscrita sujeto a tal defecto subsanable, y que el Registrador erró al denegar absolutamente la inscripción.(1)

▮ Tienen razón los recurrentes. El artículo 65 de nuestra Ley Hipotecaria determina lo siguiente:

"Serán faltas subsanables las que afecten a la validez del mismo título, sin producir necesariamente la nulidad de la obligación en él constituída.

"Los Registradores no suspenderán por defectos subsanables la inscripción, anotación o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal.

"Serán faltas no subsanables las que produzcan necesariamente la nulidad de la obligación.

"Contra la calificación de defectos subsanables que hicieren los registradores podrá acudir el interesado al Tribunal Supremo para resolución definitiva. El Tribunal Supremo confirmará o revocará la resolución del registrador y éste hará lo que procediere de conformidad con dicha decisión."

De acuerdo con el artículo 9 de la Ley Hipotecaria en una inscripción se hará constar la naturaleza, situación y linderos del inmueble objeto de la inscripción, y su medida superficial. La escritura en cuestión no cumple con tales requisitos. Sin embargo, la omisión de expresar los linderos de la finca remanente luego de haberse hecho segregaciones de la finca principal es una falta que afecta a la validez del título pero no produce necesariamente la nulidad de

---

(1) Alegan los recurrentes además que en virtud del artículo 19 de la Ley Hipotecaria el Registrador está obligado a comunicar por escrito al presentante o al notario la falta de legalidad del documento antes de él hacer la calificación correspondiente. Es innecesario discutir este punto, ya que la nota del Registrador debe ser revocada por los fundamentos que se señalan en nuestra opinión.

la obligación en él constituída. Se trata de un defecto que puede ser fácilmente corregido mediante documentos posteriores que puedan ser sometidos al Registrador. No se trata de un defecto tan trascendental que justifique la inadmisión definitiva del título, ya que el defecto señalado equivale solamente a la indeterminación de la extensión del derecho inscribible, y el derecho puede ser determinado posteriormente mediante la expresión de los linderos. Roca Sastre, Derecho Hipotecario, Tomo 2, pág. 23, 24. No se trata de la inexistencia de elementos esenciales o constitutivos. Roca Sastre, ob. cit., pág. 25.

La cuestión planteada en este recurso ya ha sido resuelta por este Tribunal. En el caso de *Rosado* v. *Registrador*, 68 D.P.R. 594, 599, 600, se dice lo siguiente:

"La falta de linderos no se considera motivo bastante para denegar la inscripción, siendo ése un defecto subsanable. Conforme dijimos en *Municipio de Salinas* v. *Registrador*, 52 D.P.R. 80, 81: 'Esta Corte Suprema ha resuelto en numerosas decisiones que los linderos y cabida de las fincas son requisitos esenciales que deben constar en los asientos de inscripción que se practiquen en el registro de la propiedad y que el incumplimiento de esos requisitos es un defecto subsanable.' En apoyo de ese aserto se citan varios casos de este Tribunal y el Volumen 2 de los Comentarios a la Legislación Hipotecaria de Morell y Terry, página 111."

En Barrachina, Derecho Hipotecario y Notarial, Tomo 1, pág. 210 se citan resoluciones de la Dirección General de Registros de España al efecto de que el no expresarse los linderos de la finca constituye una falta subsanable y no un defecto insubsanable que impida definitivamente la registración del título presentado.

El Registrador cita el caso de *Ruiz* v. *Torres*, 61 D.P.R. 1, en donde se resuelve lo siguiente:

"La práctica aconsejable a seguir al venderse el remanente de una finca cuya cabida haya sido reducida a virtud de segregaciones, es describir la finca original tal y como aparece del

registro, hacer constar las segregaciones y vender dicho remanente haciendo constar sus colindancias.

"Una escritura de venta del remanente de una finca que ha sufrido segregaciones en la que no se describa la finca original según aparece del registro ni se haga constar las segregaciones practicadas y en la que sólo se haga constar las colindancias del remanente vendido, no cumple con las exigencias de los artículos 9 y 21 de la Ley Hipotecaria a los efectos de su inscripción y no es inscribible."

En el caso anteriormente citado este Tribunal confirmó una nota del Registrador en que se negaba definitivamente la inscripción de una escritura en que no se señalaban los linderos de una finca principal, de la cual se había segregado la finca que había sido sometida a inscripción. Este Tribunal indicó que la escritura no cumplía con los requisitos de los artículos 9 y 21 de la Ley Hipotecaria al no expresarse tales linderos, resolviéndose que es nula la inscripción cuando carece de tal requisito. Independientemente del hecho de que en el caso de *Ruiz* v. *Torres*, supra, la omisión de expresar los linderos se refería a la finca principal y no a la finca segregada, entendemos que la doctrina sentada en el caso de *Ruiz* v. *Torres*, supra, es incompatible con la establecida en el caso posterior de *Rosado* v. *Registrador*, supra, debiendo ser revocado el caso de *Ruiz* v. *Torres*. La omisión de expresar los linderos no es un defecto tan fatal que impida la inscripción del título. Tal omisión justifica solamente la anotación de un defecto subsanable.

La doctrina sentada en el caso de *Ruiz* v. *Torres*, supra, se basó en los artículos 9 y 30 de la Ley Hipotecaria. El artículo 9 dispone lo siguiente:

"Artículo 9.—Toda inscripción que se haga en el Registro expresará las circunstancias siguientes:

"1. La naturaleza, situación y linderos de los inmuebles objeto de la inscripción, o a los cuales afecte el derecho que deba inscribirse, y su medida superficial con arreglo a la usada en el país, y su equivalencia en el sistema métrico decimal, nombre y número, si constaren de título.

"2. La naturaleza, extensión, condiciones y cargas de cualquiera especie del derecho que se inscriba y su valor, si constase del título.

"3. La naturaleza, extensión y condiciones y cargas del derecho sobre el cual se constituya el que sea objeto de la inscripción.

"4. La naturaleza del título que deba inscribirse, y su fecha.

"5. El nombre y apellido de la persona si fuese determinada, y no siéndolo, el nombre de la Corporación o el colectivo de los interesados a cuyo favor se hace la inscripción.

"6. El nombre y apellido de la persona o el nombre de la Corporación o persona jurídica de quien procedan inmediatamente los bienes o derechos que deban inscribirse.

"7. El nombre y residencia del Tribunal, Notario o funcionario que autorice el título que se haya de inscribir.

"8. La fecha de la presentación del título en el Registro, con expresión de la hora.

"9. La conformidad de la inscripción con la copia del título de donde se hubiere tomado; y si fuere éste de los que deban conservarse en el oficio del Registro, indicación del legajo en que se encuentre.

"10. La fecha de la inscripción y firma entera del Registrador."

Como se ve el artículo 9 incluye diez números, en cada uno de los cuales se expresan distintas circunstancias que se consideran como necesarias para una inscripción. El primer número incluye cuatro circunstancias, o sea, la naturaleza, situación, linderos y medida superficial del inmueble. El artículo 30 dispone lo siguiente:

"Las inscripciones de los títulos expresados en los artículos 2 y 5 serán nulas cuando carezcan de las circunstancias comprendidas en los números 1, 2, 3, 4, 5, 6, y 8 del artículo 9, y en el número 1 del artículo 13."

Se podría argumentar que sería nula una inscripción cuando carezca de alguna de las circunstancias comprendidas en el número 1 del artículo 9, por ejemplo, los linderos, y que, por lo tanto, la omisión de señalar linderos en el título convertiría en nula la inscripción, no siendo inscribible en forma alguna tal título. Sin embargo, el artículo 32 de la propia Ley Hipotecaria aclara la situación. Dispone lo siguiente:

"Se entenderá que carece la inscripción de alguna de las circunstancias comprendidas en los números y artículos citados en el artículo 30, no solamente cuando se omita hacer mención en ella *de todos los requisitos expresados en cada uno de los mismos artículos o números,* sino también cuando se expresen con tal inexactitud, que pueda ser por ello el tercero inducido a error sobre el objeto de la circunstancia misma, y perjudicado además en su consecuencia.

"Cuando la inexactitud no fuese sustancial, conforme a lo prevenido en el párrafo anterior, o la omisión no fuese de todas las circunstancias comprendidas en alguno de los referidos números o artículos, no se declarará la nulidad sino en el caso de que llegue a producir el error y el perjuicio." (Bastardillas nuestras.)

Es claro que la inscripción no sería nula por el hecho de no mencionar alguna de las circunstancias expresadas en el número 1 del artículo 9. Bajo el artículo 32, la nulidad se produce solamente con la omisión de todas las circunstancias expresadas en el número 1, o sea, la omisión de mencionar, no sólo los linderos, sino que también la naturaleza, situación y medida superficial del inmueble. Si en el título se expresa la naturaleza y la situación de la finca la inscripción no sería nula por el hecho de omitirse la medida superficial o la descripción de los linderos. Ésa es la opinión de los comentaristas. En Morell, Legislación Hipotecaria, Tomo 2, pág. 583, se dice lo siguiente:

". . . Para que se declare la nulidad de una inscripción por *omisión* de circunstancias, no es necesario, como pudiera creerse leyendo sólo el art. 30, que falten todas las circunstancias comprendidas en *todos* los números, 1º al 6º y 8º del art. 9º, sino sólo, como dice claramente el artículo 32, todas las circunstancias comprendidas en *alguno* de los referidos números."

En Galindo y Escosura, Legislación Hipotecaria, Tomo 2, pág. 341, cuarta edición, se dice lo siguiente:

"El art. 30 ha de explicarse, mientras sea posible, de modo que no ofenda al sentido común, y éste rechaza que se reputen válidas, inscripciones de derechos que no los expresan o no dan a conocer a favor de quién se inscriben, o el título de adquisi-

ción. Por eso estimamos cierto que el art. 30 quiere significar que las inscripciones serán nulas cuando carezcan de *todas* las circunstancias comprendidas en cada número de los que señala como necesarios para la validez del asiento.

"Cuando sólo falta *alguna* circunstancia de un número, su omisión no influye por lo general en la validez del asiento; explica mejor el objeto del número, lo detalla con más minuciosidad; pero aunque no se consigne, con la expresión de las demás se cumple suficientemente el propósito de la ley, sin que pueda decirse por ello que las que se omiten son inútiles, sino que son complementarias."

El artículo 30 de la Ley Hipotecaria de España ha sido enmendado recientemente al efecto de disponer que la inscripción de los títulos será nula si en ella se omite o se expresa con inexactitud sustancial alguna de las circunstancias comprendidas en el artículo 9. La Ley Hipotecaria de España anterior a tal enmienda coincide con la ley nuestra al efecto de que la nulidad solamente se producirá en virtud de la omisión de todas y cada una de las circunstancias comprendidas, por ejemplo, en el número 1 del artículo 9. La enmienda introducida en España del artículo 30 ha merecido la crítica de un distinguido comentarista. En Roca Sastre, ob. cit., Tomo 3, pág. 332, se dice lo siguiente:

"Como se ve, el sistema adoptado por la nueva ley es radical. Por ello no puede menos de merecer crítica desfavorable. Pero es que, además, es criticable por no haber seguido la fórmula que—inspirada en el art. 75 de la ley y en vistas del art. 21 de la misma,—estableciera la nulidad de las inscripciones, cuando por omisión o expresión inexacta de las circunstancias que las mismas deben contener, *no pudiera venirse en conocimiento* de las personas de los otorgantes del acto inscrito, ni de la finca, ni del derecho objeto de la inscripción.

"El radicalismo del actual art. 30 de la ley es excesivo. Bien está que se haya suprimido el condicionamiento del perjuicio producido o producible que, en ciertos casos, establecía el art. 32 de la Ley Hipotecaria anterior, e incluso el condicionamiento del error ya causado; pero es exagerado que pueda ocasionar la nulidad de la inscripción el hecho de que carezca o se exprese con inexactitud substancial *cualquier circunstancia* de las com-

prendidas en los números que contiene el art. 9º de la ley. Se ha querido simplificar el anterior sistema de la ley, pero quizá se ha ido demasiado lejos, resultando exageradamente endurecido el art. 30 de la ley actual."

Aunque en la escritura envuelta en el caso de autos no se expresa la cabida ni los linderos del remanente de la finca principal, sin embargo, sí se expresa la naturaleza y situación de tal remanente. Se omiten solamente dos de las cuatro circunstancias mencionadas en el número 1 del art. 9. Como ya hemos visto, la omisión de esas dos circunstancias constituye un defecto subsanable pero no producirá la nulidad de la inscripción. En la escritura de referencia se describe en toda su amplitud la finca principal de la cual fué segregada la finca en cuestión, incluyendo la naturaleza, situación, linderos y cabida de la finca principal. También se describe en la escritura, y aparece del Registro, las diversas segregaciones hechas de la finca principal hasta la última segregación envuelta en este procedimiento. Por lo tanto, del Registro surge suficiente información a terceros para que ellos no sufran perjuicio en virtud de cualquier posible ignorancia en cuanto a la descripción general de la finca segregada.

*Debe revocarse la nota del Registrador.*

El Juez Asociado Sr. Marrero no intervino.