Hipólito Vega Rosario, recurrente, *v.* El Registrador de la Propiedad de Arecibo, recurrido; María del Carmen Coll vda. de Colóm Joy, recurrente, *v.* El Registrador de la Propiedad de Arecibo, recurrido.

*Números:* O-68-212, O-68-219    *Resueltos:* 14 de mayo de 1969

*Ángel Rivera Colón*, abogado de los recurrentes; el Registrador compareció por escrito.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Consolidamos este recurso con el O-68-219.

En el presente recurso el Registrador de la Propiedad de Arecibo inscribió un Decreto sobre Información de Dominio "con los defectos subsanables de no expresarse el estado civil de Francisco Crespo Escalera al efectuarse la venta del in-

mueble y de no acreditarse el pago de la contribución de herencia o exención en el abintestato del finado Francisco Crespo Escalera, . . . ."

A solicitud de los recurrentes y del Señor Registrador de la Propiedad desestimamos los recursos en cuanto al defecto subsanable de no haberse acreditado el pago o exención de la contribución de herencia y ordenamos que continuaran su tramitación en cuanto al otro defecto subsanable.

En el Decreto sobre Información de Dominio se hace constar que el peticionario adquirió la finca letra (A) por compra a Pedro Losada Rodríguez y su esposa Marcelina Morales quienes a su vez la adquirieron por compra a Francisco Crespo Escalera en marzo 9 de 1948. La finca letra (B) la adquirió por compra también a los esposos Losada Morales quienes a su vez la adquirieron en subasta judicial en el caso sobre Administración Judicial de los bienes del finado Francisco Crespo Escalera en febrero de 1953.

En el recurso consolidado O-68-219 el Registrador de la Propiedad inscribió otro Decreto sobre Información de Dominio "con el defecto subsanable de no expresarse el estado civil de cada uno de los anteriores dueños al enajenarse la finca."

En el Decreto que motiva este recurso se expresan los nombres de los vendedores inmediatos y su estado civil, así como los nombres de los anteriores dueños sin expresarse el estado civil de estos últimos.

■ Contrario a lo que sostiene el Señor Registrador no es un defecto subsanable la falta de expresión del estado civil de cada uno de los anteriores dueños, que no sean los inmediatos, al enajenar la finca.

De conformidad con el Art. 440 del Reglamento Hipotecario [30 L.P.R.A. sec. 1596], las inscripciones que deben verificarse para acreditar el dominio o la posesión que se hayan justificado por los medios establecidos en el Art. 390 y siguientes de la Ley Hipotecaria [30 L.P.R.A. sec. 732 y siguientes] "se acomodarán a las reglas que para las inscrip-

ciones en general determina este título, y además expresarán las circunstancias particulares que convengan a cada caso, según resulten de los documentos presentados al registro para obtener la inscripción."

Las reglas para las inscripciones en general a que se refiere el Art. 440 del Reglamento Hipotecario están incluidas en los Arts. 9 de la Ley Hipotecaria y 63 y 75 de su Reglamento. El citado Art. 9 dispone que toda inscripción que se haga en el Registro expresará las circunstancias siguientes:

"6. El nombre y apellido de la persona, o el nombre de la Corporación o persona jurídica de *quien procedan inmediatamente los bienes o derechos* que deban inscribirse." (Énfasis suplido.)

Por otro lado el Art. 63 del Reglamento Hipotecario dispone:

"Para dar a conocer con exactitud las fincas y los derechos que sean objeto de las inscripciones ejecutarán los registradores lo dispuesto en la sec. 34 de este título [circunstancias que se expresarán en las inscripciones conforme al artículo 9 de la Ley], con sujeción a las reglas siguientes:

. . . . . . . . .

Novena: Los nombres que deban consignarse en la inscripción se expresarán según conste del título, sin que sea permitido al registrador, ni aun con acuerdo de las partes, añadir ni quitar ninguna. Al nombre se añadirán la edad, el estado, la profesión y el domicilio." (1)

_____

(1) Al indicar el orden en que se extenderá la inscripción de cualquiera especie, señala el Art. 75 del Reglamento en su apartado Tercero: "Nombre y título de adquisición del que transfiere el derecho o el nombre de la corporación o persona jurídica de quien proceda inmediatamente."

Bajo la legislación hipotecaria española debía añadirse las circunstancias personales de las personas cuyos nombres debían consignarse en la inscripción, si constaban del título. Esta última condición "de si constaban del título", se eliminó de nuestro Reglamento Hipotecario. Véase 1 Galindo y Escosura, *Legislación Hipotecaria*, pág. 560 *y siguientes*; 2 Morell, *Legislación Hipotecaria*, pág. 147 y siguientes; 2 Roca Sastre, *Derecho Hipotecario*, pág. 421.

Ya hemos visto que en cuanto al transmitente del dominio o el derecho, el Art. 9 de la Ley sólo exige el nombre y apellido de aquél de quien inmediatamente proceden los bienes o derechos que deban inscribirse. Igualmente en el Art. 391 de la Ley (30 L.P.R.A. sec. 733) se dispone que en el escrito en que se pida la admisión de la información se expresarán el nombre y apellidos de la persona de quien se haya adquirido el inmueble o derecho. Ninguno de los preceptos de la Ley o su Reglamento exige los nombres y menos las circunstancias personales de los otros anteriores dueños de los bienes o derechos transmitidos. [2].

■ En este recurso O-68-212 consta en el Decreto aprobando la Información de Dominio que el peticionario adquirió ambas fincas por compra a Pedro Losada Rodríguez y su esposa Marcelina Morales, quedando consignado así el estado civil de las personas de quienes proceden inmediatamente los bienes, y siendo innecesario según ya hemos dicho, que se consignen las circunstancias personales de todos los titulares anteriores a los esposos Losada Morales *erró el Señor Registrador al practicar la inscripción de dichas fincas con el defecto subsanable apuntado en su nota por lo que la misma debe ser revocada.*

En el recurso O-68-219, no se expresa en el Decreto el estado civil de los dueños anteriores inmediatos, según lo exige el Art. 63 del Reglamento Hipotecario *y a ese solo respecto debe confirmarse la nota del Registrador.*

---

[2] Véase *Autoridad de Tierras* v. *Registrador*, 65 D.P.R. 322 (1945).